Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant, *v.* The Italian Mutual Society of Gallitzin, Pa., Appellee.

Submitted on brief of appellant, November 9, 1973, to Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*Albert B. Miller,* Special Assistant Attorney General, with him *Alexander J. Jaffurs,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Eugene A. Creany,* and *Englehart, Creany, Englehart & Leahey,* for appellee.

OPINION BY JUDGE WILKINSON, November 28, 1973:

On August 29, 1972, after an appropriate citation, notice, and hearing, the Pennsylvania Liquor Control Board imposed a fine of $500 on the appellee based on a finding that it sold liquor or malt or brewed beverages to non-members on March 12, April 9, and April 15, 1972. An appeal was taken to the Court of Common Pleas which had a de novo hearing. At the de novo hearing, the record before the Board was offered by stipulation and additional testimony was received from one witness on behalf of appellee. The Common Pleas Court found that illegal sales to non-members took place on March 12 and April 15, but reversed the finding of an illegal sale on April 9, and reduced the fine from $500 to $300. The Board filed this appeal. We must reverse.

Although there may have been some doubt as to the scope of the authority of the Court of Common Pleas and of this Court in appeals from the Pennsylvania Liquor Control Board prior to the Supreme Court of Pennsylvania's decision on September 19, 1973, in *Appeal of Carver House, Inc.,* 454 Pa. 38, 310 A. 2d 81 (1973), there can be no doubt following that decision. In making its findings, the lower court may not ca-

priciously disregard competent evidence of violations
by the licensee, and may not alter a penalty imposed
where it is within the Board's statutorily conferred
powers. This Court invited a reconsideration of this
rule by the Supreme Court when *Carver* was before
this Court. *See The Carver House, Inc. v. Liquor Con-
trol Board,* 3 Pa. Commonwealth Ct. 453, 281 A. 2d 473
(1971) ; however, the Supreme Court has chosen to
reaffirm the rule.

Appellee has never offered any evidence to con-
tradict the testimony of the Board officers that they
made the illegal purchases from the appellee on the
dates found by the Board. The only evidence offered
by appellee with regard to purchases was that on one
occasion, the bartender had gone to the rest room and
that a patron had gone behind the bar and served one
of the Board officers. However, the clear testimony
of the officer was that on that day, April 9, he was in
the club from 3:55 p.m. until 5:10 p.m., and that he
had made *two* purchases. Before the Common Pleas
Court, it was stipulated that on April 9, a patron had
served the Board officer. This stipulation was entered
by the Board's attorney who, after conferring with
the attorney for the appellee, put on the record: "Just
an explanatory note. On the matter of the visit of
Mr. Harkins, an officer of the Board, on the date of
April 9th, after Mr. Harkins received service from a
patron, shortly thereafter the bartender returned to his
position as a bartender, and Mr. Harkins did receive
service from him."

There is no doubt that the court below was sym-
pathetic to the position of the appellee and was im-
pressed with the only testimony presented by appellee
which, its attorney stated, was offered to show "ex-
tenuating circumstances." Under the mandate of our
Supreme Court, neither this Court nor the Common
Pleas Court can permit "extenuating circumstances"

to alter uncontradicted testimony of violations or to alter the penalty.

The decision of the Court of Common Pleas is reversed, and the order of the Pennsylvania Liquor Control Board, dated August 29, 1972, is reinstated.