**Appeal of Geistown Sportsmen's Club**

*Robert Davis Gleason,* for appellant.

*Walter A. Criste,* contra.

McWILLIAMS, J., May 24, 1974.—The instant appeal of the Geistown Sportsmen's Club involves a matter that comes to the court from Liquor Citation No. 645—1973, Geistown Sportsmen's Club, Liquor License Appeal No. C-4734.

A hearing was held on the matter in Altoona, Pa. The citation in no. 645—1973, although contending seven different violations, after the hearing on Sep-

tember 25, 1973, the board found licensee guilty of three specific violations. They were as follows:

1. That the licensed organization was not being operated for the mutual benefit of the entire membership.

2. That the licensed organization permitted outside parties to operate a food concession.

3. The licensed organization failed and neglected to maintain records in conformity with the board's recommendations.

A fine was imposed by the Pennsylvania Liquor Control Board, and levied on September 25, 1973, in the amount of $1,000.

A stipulation was entered at the instant hearing with the attorney from the Pennsylvania Liquor Control Board and counsel for appellant in regard to two of the averments. The licensee does not contest that there was a violation and so stipulated as to the following two averments of the citation and findings of the board in its order:

1. That the licensed organization did permit an outside person to operate a food concession, and, secondly, that the licensed organization failed and neglected to maintain records in conformity with board recommendations.

The only matter remaining in question was that of whether the licensed organization was not being operated for the mutual benefit of the entire membership.

At the hearing de novo, the agent testified as to the commisssions on gross sales, dues, vending machines, paid to the steward, based on cancelled checks that he, the agent, had personally seen, and, further, from information from the steward and his wife that the food was bought and sold by same, who kept all proceeds. This was not refuted by any testimony,

and the allegation that the licensed organization was not being operated for the mutual benefit of the entire membership must be sustained.

As was stated in Commonwealth of Pennsylvania v. The Italian Mutual Society of Gallitzin, Pa., 11 Comm. Ct. 78:

"Although there may have been some doubt as to the scope of the authority of the Court of Common Pleas and of this Court in appeals from the Pennsylvania Liquor Control Board prior to the Supreme Court of Pennsylvania decision on September 19, 1973, in Appeal of Carver House, Inc., 454 Pa. 38, 310 A. 2d 81 (1973), there can be no doubt following that decision. In making its findings, the lower court may not capriciously disregard competent evidence of violations by the licensee and may not alter a penalty imposed where it is within the Board's statutorily conferred powers."

This court invited a reconsideration of this rule by the Supreme Court when Carver was before this court. See The Carver House, Inc. v. Liquor Control Board, 3 Comm. Ct. 453, 281 A. 2d 473 (1971). However, the Supreme Court has chosen to reaffirm the rule. See also opinion of the Commonwealth Court, Pennsylvania Liquor Control Board v. Italian Mutual Society of Gallitzin, Pennsylvania, dated November 28, 1973, 11 Comm. Ct. 78 (1973).

The record introduced in the instant matter shows seven distinct violations in 1970 and three presently. Therefore, the violation in question being the third violation of the Liquor Code of June 24, 1939, P. L. 872, known as The Penal Code, and occurring within a period of four years, it must be determined that there was, in fact, a third violation of the Liquor Code within a four-year period. Therefore, and in accordance with the Liquor Code of April 12, 1951, P. L. 90, 47 PS

§4-471, as amended June 3, 1971, P. L. 118 (No. 6), next to last paragraph wherein a suspension or revocation is the mandated penalty, we make the following

### ORDER

Now, May 24, 1974, the appeal of the Geistown Sportsmen's Club is dismissed, and the liquor license No. C-4734 of Geistown Sportsmen's Club, 302 Ralph Street, Johnstown, Pa., is suspended for a period of 60 days beginning June 1, 1974, at 8 a.m. (EDST).