Claremarie Santarone Tighe, Petitioner *v.* Commonwealth of Pennsylvania, State Board of Nurse Examiners, Respondent.

Argued December 8, 1978, before Judges ROGERS, DISALLE and CRAIG, sitting as a panel of three.

*Daniel M. Rendine,* for petitioner.

*Lenora M. Smith,* Assistant Attorney General, with her *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, February 9, 1979:

Claremarie Santarone Tighe has appealed from an order of the State Board of Nurse Examiners suspending her license to practice as a registered nurse for one year pursuant to Section 14(4) of The Professional Nursing Law, Act of May 22, 1951, P.L. 317, *as amended,* 63 P.S. §224(4), which provides:

> The Board may suspend or revoke any license in any case where the Board shall find that—
>
>  . . . .
>
> (4) The licensee has committed fraud or deceit in the practice of nursing, or in securing his or her admission to such practice.

Ms. Tighe was charged with tampering with tubexes containing the narcotic Demerol while she was employed as a private duty nurse at Abington Memorial Hospital on November 26, December 19, and December 21, 1974. At the hearing conducted by the State Board of Nurse Examiners the Commonwealth adduced evidence tending to show that nurse Tighe receipted for tubexes of Demerol for administration to her patient, some of which tubexes she returned as unused or as spoiled by inadvertance, but which were later determined to have been emptied of their contents of Demerol and refilled with a saline solution. As we have noted, the board suspended Ms. Tighe's license for one year.

Ms. Tighe's able council asserts that his client was not afforded procedural due process because the board permitted a commingling of the prosecutorial and ad-

judicatory functions during the hearing. The basis for the argument is that an assistant attorney general presented the evidence in support of the citation against Ms. Tighe and two other assistant attorneys general, at different periods, assisted the presiding board member in the conduct of the hearing. Because these attorneys were all attached to the board, the hearing was not fairly conducted, says the appellant. We disagree. In *In Re Bruteyn*, 32 Pa. Commonwealth Ct. 541, 380 A.2d 497 (1977), we held that the appellant had been unconstitutionally deprived of a fair trial because the same attorney general investigated the case, prosecuted it before the board, advised the board on the appellant's evidentiary motions and drafted the final adjudication and order. We pointed out there the difference between the circumstance of the same person prosecuting the case and participating in the adjudication and that of two individuals, although both employees of the Commonwealth, serving, respectively and entirely separately, as trial counsel and as a legal assistant of the agency in the preparation of its adjudication. In the latter circumstance we have concluded that no constitutional rights are infringed if no actual prejudice is done. *Pennsylvania Human Relations Commission v. Thorp, Reed & Armstrong*, 25 Pa. Commonwealth Ct. 295, 361 A.2d 497 (1976). The appellant points to no actual prejudice visited upon her by the fact that attorneys general performed separate functions in this case.

Ms. Tighe also argues that because more than two years elapsed from the time of her alleged misconduct and the issuance of the citation, the board has been guilty of laches and that its adjudication should be set aside for this reason. Assuming that laches may be asserted as a defense in an administrative disciplinary action involving a professional license (and there

seems to be some support for this proposition in *Pennsylvania State Board of Medical Education and Licensure v. Schireson,* 360 Pa. 129, 61 A.2d 343 (1948)), laches nevertheless cannot be imputed by the mere passage of time. It must be determined from all of the circumstances of the case, one of which must be the existence of harm occasioned by the delay. The appellant has failed to show how the delay in this case prejudiced her defense to the citation or how it otherwise harmed her.

Ms. Tighe also contends that there is not substantial evidence supporting the board's finding that she committed the offense charged in the citation. It would serve no useful purpose to record what we believe to be the ample evidence in the record justifying the conclusion that the appellant's activities with respect to the narcotic Demerol was fraudulent and deceitful. In addition to returning to the hospital drug supplies tubexes from which the Demerol had been removed and a saline solution substituted, there is evidence that she altered records having to do with her requisition and administration of Demerol to a patient.

The appellant also makes the argument that the asserted severity of the board's order and a serious illness from which she now suffers considered together should compel us to conclude that the board has inflicted a cruel and unusual punishment. While the constitutional limitation obviously referred to, (Article I, Section 13 of the Pennsylvania Constitution) applies only in criminal cases, the principle it embodies is applicable in all proceedings. *Scranton v. Peoples Coal Co.,* 274 Pa. 63, 117 A. 673 (1922). In view of the seriousness of the offense proved here, we cannot, with all sympathy for the appellant, believe that the board's action was inappropriately harsh.

Order affirmed.

## ORDER

AND Now, this 9th day of February, 1979, the order of the State Board of Nurse Examiners is affirmed.