Donald A. Goodman, D.O., Petitioner *v.* Commonwealth of Pennsylvania, State Board of Osteopathic Examiners, Department of State, Bureau of Professional and Occupational Affairs, Respondent.

Argued February 9, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*M. Mark Mendel,* with him *Harris T. Bock,* and, of counsel, *Mendel, Schwartz and Bock, Ltd.,* for petitioner.

*William J. Wheeler, Jr.,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE MENCER, May 2, 1979:

This appeal arises from an order of the Pennsylvania State Board of Osteopathic Examiners (State Board), revoking the osteopathy license of Donald A. Goodman, D.O. (Goodman). On November 24, 1975, Goodman pleaded guilty in the United States District Court, Eastern District of Pennsylvania, to the "filing of false statements in violation of Title 18 U.S.C. §1001, Title 42 §408(c) and §1395nn". This charge resulted from the submission by Goodman of incorrect and false billings to the government Medicare program through Blue Shield of Pennsylvania.

The State Board issued its citation to appellant to show cause why his osteopathic license should not be suspended or revoked. The citation was grounded upon Section 14 of the Act of March 19, 1909, P.L. 46, *as amended* (Osteopathic Law), 63 P.S. §271, which provides:

> The State Board of Osteopathic Examiners may refuse, revoke or suspend the right to practice osteopathy or osteopathy and surgery in this State upon any or all of the following reasons, to wit: The conviction of a crime involving moral turpitude. . . .

Two hearings were conducted by the State Board, and there was admitted into evidence the record of Goodman's aforementioned guilty plea in the Federal Court case. Goodman was represented by counsel and

offered his explanation for his conduct relative to filing the incorrect billings and a series of letters from patients and acquaintances which were in lieu of their testimony as character witnesses.

Goodman does not contend that the federal offense of "filing of false statements" to which he pleaded guilty is not a crime involving moral turpitude. *See Moretti v. State Board of Pharmacy,* 2 Pa. Commonwealth Ct. 121, 277 A.2d 516 (1971). Rather, he contends, first, that the State Board failed to make sufficient findings of fact and conclusions of law to justify a revocation of his osteopathy license.

In *State Dental Council & Examining Board v. Friedman,* 27 Pa. Commonwealth Ct. 546, 367 A.2d 363 (1976), we held that a plea of nolo contendere to a charge of mail fraud in submitting false bills to Blue Shield of Pennsylvania was substantial evidence which would support an order of the State Dental Council and Examining Board suspending one's license to practice dentistry based on the commission of a crime involving moral turpitude. Accordingly, a plea of guilty would likewise be a sufficient basis for the action of the State Board here in question.

Goodman further argues that his counsel, during the period of the proceedings before the State Board, was ineffective and, as a consequence, he has not had a full hearing. Our examination of the record does not satisfy us of the validity of this argument, and we find no merit in this assertion in the context of an administrative agency hearing in which, unlike a criminal proceeding, there is no constitutional right to effective counsel. *Johnson v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 220, 321 A.2d 728 (1974).

Lastly, Goodman contends that the penalty of revocation imposed was an abuse of discretion by the

State Board. We find no illegality in the State Board's imposition of such a penalty, since Section 14 of the Osteopathic Law provides the authority to the State Board to revoke licenses. We cannot substitute our own judgment for that of the State Board. *Boyd v. State Board of Osteopathic Examiners,* 12 Pa. Commonwealth Ct. 620, 317 A.2d 307 (1974). *See Carver House, Inc. v. Liquor Control Board,* 3 Pa. Commonwealth Ct. 453, 281 A.2d 473 (1971).

The State Board is essentially a watchdog of the osteopathic profession, empowered to maintain the high standards which the people of this Commonwealth have a right to expect from their osteopathic doctors. These standards are not ethereal but are substantial and practical, dealing as they do with all aspects of professional conduct. Therefore, the State Board is entrusted with the power to revoke the privilege of any licensee who has been guilty of a crime involving moral turpitude. We cannot hold that the State Board has in this case been guilty of an abuse of discretion. It is obvious that the State Board's order was based upon Goodman's filing of false billings to the government Medicare program, a crime involving moral turpitude, and, accordingly, we see no need to remand to the State Board to satisfy the directive of *Department of State v. Bewley,* 1 Pa. Commonwealth Ct. 85, 272 A.2d 531 (1971).

We therefore enter the following

## Order

And Now, this 2nd day of May, 1979, the order of the Pennsylvania State Board of Osteopathic Examiners, revoking osteopathy license No. OS795L of Donald A. Goodman, is hereby affirmed. Our order of supersedeas granted November 29, 1977 is hereby vacated.