**Maria MIRABELLA, Jane Caruso and Anita Guiliano, Plaintiffs,**

v.

**The BOARD OF ELECTIONS OF the CITY OF NEW YORK, 131 Varick Street, New York, New York, Frank Gargiulio and Robert Black et al. as Commissioner, State of New York, Robert Abrams, Attorney General of the State of New York, Defendants.**

**No. 80 Civ. 4621 (RWS).**

United States District Court,
S. D. New York.

Dec. 5, 1980.

Gerard J. Papa, Brooklyn, N.Y., for plaintiffs.

Robert Abrams, Atty. Gen. of the State of New York, New York City, for defendant Abrams; Ellen J. Bronzo, Asst. Atty. Gen., New Hyde Park, N.Y., of counsel.

Allen G. Schwartz, Corp. Counsel for the City of New York, New York City, for defendants, The Board of Elections, Frank Garguilio, and Robert Black; Susan R. Rosenberg, Asst. Corp. Counsel, New York City, of counsel.

## OPINION

SWEET, District Judge.

Plaintiffs seek to represent a class of 96 members of the Republican Party who are alleged to have been denied reappointment for 1980–81 as election inspectors in the 47th Assembly District, Kings County. At oral argument on plaintiffs' motion for a preliminary injunction, defendants, the Board of Elections of the City of New York and Robert Abrams, the Attorney General of the State of New York, cross-moved, pursuant to Fed.R.Civ.P. 12(b), to dismiss the complaint. This court denied plaintiffs' motion by opinion of September 5, 1980. Further submissions from plaintiffs in support of their claims were invited; nothing additional has been submitted. Accordingly, and for the reasons stated herein, the motions to dismiss are granted.

For the purposes of these motions the factual allegations in the complaint are taken as true, *Dacey v. New York County Lawyers' Ass'n*, 423 F.2d 188, 191 (2d Cir. 1969), *cert. denied*, 398 U.S. 929, 90 S.Ct. 1819, 26 L.Ed.2d 92 (1970), as well as plaintiffs' affidavits and the annexed exhibits. These pleadings taken together and in the light most favorable to the plaintiffs fail to state the outlines of a cause of action under § 1983 of 42 U.S.C. for a violation of First and Fourteenth Amendment rights under my understanding of the law as set forth in *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980).

The amended complaint, affidavits and exhibits could be said to allege that the Board of Elections, following the procedure set forth by the Election Law of the State of New York, refused to appoint the plaintiffs as inspectors of elections because their names had not been approved by the Chairman of the Republican County Committee, George C. Clark, Jr. ("Clark"). The plaintiffs previously held such appointments and the failure to reappoint allegedly deprived them of the positions and the compensation attendant to such duties. The amended complaint, affidavits and exhibits can further be said to allege that this failure to appoint resulted from the submission of their names by a Republican State Committeeman, Ronald J. D'Angelo ("D'Angelo") who had opposed Clark when the latter sought election as County Chairman. It is further alleged that prior to this year the inspectors of elections were appointed by the Board of Elections upon recommendation of the State Committeeman for a particular district, a practice altered in this instance to provide for recommendation by a different designee of Clark, namely Phyllis Carbo ("Carbo") an opponent of D'Angelo's for the post of member of the Republican State Committee for the 46th Assembly District, County of Kings in the 1980 primary. Giving the broadest implication to the complaint and its attendant documents,

I infer that the plaintiffs also allege that the procedure for reappointment as inspectors of elections required them to support Carbo and the Club of which she was a member.

The amended complaint seeks to establish that D'Angelo's First Amendment rights, in particular the expression of his opposition to Clark's election, have been violated by the described procedure, but since D'Angelo is not a party here, this allegation need not be considered.

As the Election Law provides, the very nature of the election process requires party membership as a condition of appointment as an inspector of elections, and such appointment is conditioned on the recommendation of the County Chairman. These provisions have been held constitutional. *Newell v. Troy*, 343 F.Supp. 1253 (S.D.N.Y. 1972); *Lehner v. O'Rourke*, 339 F.Supp. 309, 314–15 (S.D.N.Y.1971). *See also New York State Democratic Party v. Lomenzo*, 460 F.2d 250 (2d Cir. 1972).

■ There is no prohibition to bar the County Chairman from delegating this power to recommend; indeed, since there are some 90,000 registered Republicans in Kings County,[1] such a delegation is an obvious corollary to the grant of power. There is no authority cited to the court for the proposition that substituting Carbo for D'Angelo in the appointment process amounts to a deprivation of a constitutional right.

Further, there is no allegation that these plaintiffs submitted their names to Clark for appointment and that they were rejected because the plaintiffs invoked their First Amendment rights in a fashion to cause Clark to fail to recommend them for reappointment as inspectors of elections.

■ Even if it is determined, contrary to my view, that the complaint and its attendant documents imply such an action by Clark with respect to these plaintiffs, there would be no deprivation of their constitutional rights. The Supreme Court in *Branti v. Finkel, supra*, held that the "ultimate

inquiry" in a patronage employment decision case is "whether the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved." *Id.* 100 S.Ct. at 1295. As "one obvious example" of a position that may "appropriately be considered political even though it is neither confidential nor policymaking in character," the court stated:

> [I]f a State's election laws require that precincts be supervised by two election judges of different parties, a Republican judge could be legitimately discharged solely for changing his party registration. That conclusion would not depend on any finding that the job involved participation in policy decisions or access to confidential information. Rather, it would simply rest on the fact that party membership was essential to the discharge of the employee's governmental responsibilities.

*Id.* at 1294.

Thus, it is considered that in the performance of election inspectors' duties—verifying the registration of those seeking to vote and supervising the voting process at the polling places—party affiliation is uniquely relevant. *See Lehner v. O'Rourke, supra*, at 314–15. ("In the typical election situation, where a Democrat would be running against a Republican, the New York scheme would appear to work to the advantage of both. Each candidate would have inspectors who were members of his own political party to keep an eye on each other. [It is acknowledged that] the state bipartisan scheme was established to promote fair elections.")

With this reason for the appropriateness of appointment of election inspectors according to party membership in mind, by extension it is proper that intra-party affiliation or loyalty may be taken into account without violating the First Amendment rights of those not appointed. Whatever chill to potential election inspectors' exercise of their freedoms of expression and

1. The Official Directory of the City of New York (1980) gives a 1979 figure of 91,186.

341

association inheres in this practice, *see Branti v. Finkel, supra,* 100 S.Ct. at 1292–93, is permissible given the acknowledged relevance of "politics" to the State's vital interest in the effective discharge by these employees of their governmental responsibilities. *Id.* at 1294.

Indeed, if allegiance to a certain political organization or philosophy is sanctified as an appropriate job requirement to bar First Amendment claims by aggrieved potential election inspectors, the same may well be true with respect to most other areas of public employ. *See Branti v. Finkel, supra,* at 1297 n.3, 1298–1302 (Powell, J. dissenting).

The complaint is hereby dismissed. Submit judgment on notice.

IT IS SO ORDERED.