Joan Miller, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued April 9, 1981, before Judges Mencer, Craig and Palladino, sitting as a panel of three.

*John J. Morgan,* for petitioner.

*Louis G. Cocheres,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

Opinion by Judge Craig, June 3, 1981:

Petitioner Joan Miller, an employee of the Department of Transportation, has appealed from an order

of the Department of Transportation sustaining her demotion by the department from Clerical Supervisor II to Clerk-typist I.

Miller charges she was demoted for political reasons, thus violating her First and Fourteenth Amendment rights under *Branti v. Finkel,* 445 U.S. 507 (1980) and *Elrod v. Burns,* 427 U.S. 347 (1976). Those decisions protect public employees if they can show that a change of status, such as discharge, was due solely to the employee's political affiliation. Here there is substantial evidence from the department's witnesses, annual evaluation reports, and a memorandum citing warnings to petitioner for frequent personal phone calls interfering with her job performance, that petitioner's demotion was for job-related factors.

Petitioner also contends that her due process rights were violated because the Commonwealth attorney acting as legal counsel to the hearing examiner came from the same agency as the attorney representing the respondent department.

Where two attorneys of the same agency appear in different roles in the same proceeding, due process is not per se violated. *See Pennsylvania State Association of Township Supervisors v. Insurance Department,* 50 Pa. Commonwealth Ct. 204, 412 A.2d 675 (1980). The focus is whether the function performed by the two are adequately separate so that there is no actual prejudice.

In a virtually identical case, we held the functions of one staff attorney as prosecutor before the Board of Nursing Examiners and two other staff attorneys acting as counsel for the board to be adequately separate. *Tighe v. State Board of Nurse Examiners,* 40 Pa. Commonwealth Ct. 367, 397 A.2d 1261 (1979).

Hence, after reviewing the proceedings before the hearing examiner in this case, we cannot find an un-

448

constitutional commingling of the attorneys' functions. Petitioner has not specified any actual prejudice. *Pennsylvania Human Relations Commission v. Thorp,* 25 Pa. Commonwealth Ct. 295, 361 A.2d 497 (1976).

The order is affirmed.

ORDER

AND NOW, June 3, 1981, the order of the Pennsylvania Department of Transportation in the case of In Re Joan Miller, dated June 10, 1980, is affirmed.