Fae Forman, Appellant *v.* Mayor William J. Green, Mayor of City of Philadelphia et al., Appellees.

Argued December 16, 1982, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Michael N. Silver,* with him *Thomas F. McDevitt,* for appellant.

*Joseph A. Cash, Jr.,* Assistant City Solicitor, with him *Arlene F. Bell,* Chief Assistant City Solicitor, and *Alan J. Davis,* City Solicitor, for appellees.

316

Opinion by Judge Craig, February 25, 1983:

Fae Forman, a former employee of the City of Philadelphia, appeals an order of the Court of Common Pleas of Philadelphia County, which sustained the city's preliminary objections and dismissed Forman's complaint in equity.

In her complaint, Forman alleged that:

[H]er termination as a city employee was due strictly to the aforementioned change of political administration within the City of Philadelphia [the replacement of the administration of Mayor Frank L. Rizzo with the administration of Mayor William J. Green] and, therefore, is a violation of her Constitutional and legal rights, including but not limited to her rights to due process under the First and Fourteenth Amendments.[1]

Forman relies on *Elrod v. Burns,* 427 U.S. 347 (1976) and *Branti v. Finkel,* 445 U.S. 507 (1980) to support her position. Those decisions "protect public employees if they can show that a change of status, such as discharge, was due solely to the employee's political affiliation."[2] *Miller v. Department of Transportation,* 59 Pa. Commonwealth Ct. 446, 447, 429 A.2d 1278, 1278 (1981).

[1] Paragraphs 5 and 7 of Forman's complaint.

[2] In *Elrod*, a newly elected Democratic sheriff discharged and replaced nontenured Republican employees in accord with past patronage practice. Justice Brennan, writing for a plurality of three members of the Court, held that discharges ascribable to political patronage infringed upon the employees' First Amendment right to political belief and association, and were permissible only where they were limited to policy-making positions.

Justice Stewart, joined by Justice Blackmun, concurred. The concurrence, and consequently the holding of *Elrod*, see *Marks v. United States,* 430 U.S. 188 (1977) (the holding of a divided majority may be viewed as that position taken by the justices who concurred in the judgment on the narrowest grounds), expressed the

The common pleas court held that *Elrod* and *Branti* were inapplicable to the present situation because, unlike those cases where the discharge resulted from inter-party politics, the change in administration here involved only members of the same political party.

However, we need not consider whether *Elrod* and *Branti* apply to dismissals involving different factions of the same party,[3] because Forman, in her complaint, has not alleged why the change in administrations resulted in her dismissal; there is no pleading that her political allegiance or beliefs were a factor— no claim as to retribution, patronage or like matters being involved. "As a minimum, a pleader must set forth concisely the facts upon which his cause of action is based." *Line Lexington Lumber & Millwork Co., Inc. v. Pennsylvania Publishing Corp.*, 451 Pa.

---

view that a "nonpolicy-making, nonconfidential government employee [cannot] be discharged or threatened with discharge from a job that he is satisfactorily performing upon the sole ground of his political beliefs." 427 U.S. at 375.

In *Branti*, a newly appointed public defender of a different political party from that of his predecessor attempted to discharge assistant public defenders because of their political beliefs. Justice STEVENS, writing for a six-person majority, held that "if an employee's private political beliefs would interfere with the discharge of his public duties, his First Amendment rights may be required to yield to the State's vital interest in maintaining governmental effectiveness and efficiency." 445 U.S. at 517. The criteria was not necessarily whether the job was confidential or policy-making in character. The true question was "whether the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved." *Id.* at 518.

[3] *But see Mirabella v. Board of Elections*, 507 F. Supp. 338 (S.D. N.Y. 1980) (application of *Branti* test where class of Republican election inspectors challenged their discharge by their Republican county chairman), and *Catterson v. Caso*, 472 F. Supp. 833 (E.D. N.Y. 1979) (application of *Elrod* where Republican county executive discharged Republican county attorney who had failed to support the former in an upcoming election).

318

154, 162, 301 A.2d 684, 688 (1973). Furthermore, we cannot infer such matters to preserve the complaint. *Pike City Hotels Corp. v. Kiefer,* 262 Pa. Superior Ct. 126, 396 A.2d 677 (1978).

Accordingly, we affirm the order of the court of common pleas, but with leave to amend the complaint.

ORDER

Now, February 25, 1983, the order of the Court of Common Pleas of Philadelphia County, Civil Division, entered October 10, 1980 at No. 877, May Term, 1980, is hereby affirmed, but with leave granted to amend by filing an amended complaint with the trial court within twenty (20) days of the date of this order. Jurisdiction relinquished.