David A. Rosenthal, Petitioner *v.* Commonwealth of Pennsylvania, State Board of Pharmacy, Respondent.

Submitted on briefs February 2, 1983, to Judges
ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Don P. Foster, Fell, Spalding, Goff & Rubin,* for
petitioner.

*Joseph S. Rengert,* Assistant Counsel, with him,
*David F. Phifer,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, March 25, 1983:

David A. Rosenthal appeals from an order of the
Pennsylvania State Board of Pharmacy (board) which
revoked his pharmacist's license and suspended his
license to conduct a pharmacy on the ground of his
dispensing drugs without a prescription, contrary to
Sections 5(a)(2), (6) and (b)(2) of the Pharmacy Act,

Act of September 27, 1961, P.L. 1700, 63 P.S. §§390-5-(a)(2), (6) and (b)(2)[1] and to a regulation promulgated by the board at 49 Pa. Code §27.18(u).[2]

The appellant pleaded guilty to four counts of violating Section 13 of the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §780-113. The charges to which he entered his guilty pleas were that he dis-

---

[1] Sections 5(a)(2), (6) and (b)(2) of the Pharmacy Act, 63 P.S. §§390-5(a)(2), (6) and (b)(2) provide:

(a)   The board shall have the power to revoke or suspend the license of any pharmacist upon proof satisfactory to it that:

. . . .

(2)   He has been found guilty, pleaded guilty or entered a plea of nolo contendere to any offense in connection with the practice of pharmacy or involving moral turpitude before any court of record of any jurisdiction;

. . . .

(6)   He has violated or permitted the violation of any provision of this act or regulation of the board;

. . . .

(b)   The board shall have the power to revoke or suspend the permit of any pharmacy upon proof satisfactory to it that:

. . . .

(2) The holder thereof has violated any of the provisions of this act or regulations of the board applicable to him or any provision of the Drug, Device and Cosmetic Act or the Federal act, or has ordered a pharmacist in his employ to engage in any aspect of the practice of pharmacy in contravention of any provisions of the aforesaid acts or regulations thereunder.

[2] 49 Pa. Code §27.18(u) provides:

(u)   Any violation by a pharmacist of the Federal Controlled Substances Act (21 U.S.C. §321 *et seq.*) or the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972 (P.L. 233 No. 64) (35 P.S. §780-101-780-144) or the rules and regulations promulgated thereunder shall constitute a violation of this chapter and of the act.

pensed without prescription to a police officer working undercover, 400 Fastin, 300 Valium, and 25 Serax pills. The court imposed a sentence of four years non-reporting probation and payment of the costs of prosecution.

On April 21, 1981, the appellant appeared with counsel at a hearing before the board at which the Commonwealth offered into evidence certified copies of the appellant's guilty pleas and a transcript from the Municipal Court where the pleas were made. As we have noted, the board revoked the appellant's license and, in addition, suspended his license to conduct a pharmacy until such time as he proved to the board that a registered pharmacist was in charge of the pharmacy.

Three issues are presented by the appellant for our consideration: 1) whether his counsel was ineffective in his hearing before the board; 2) whether the board permitted an improper commingling of prosecutorial and adjudicatory functions during the hearing; and, 3) whether the board abused its discretion in revoking appellant's license.

The appellant first contends that his counsel was ineffective during the hearing before the board, and, as a consequence, he was not given a fair hearing. He says that his counsel should have argued the defense of entrapment and should not have stated before the board that the appellant was lax in the running of his business. The issue is controlled by *Johnson v. Workmen's Compensation Appeal Board*, 14 Pa. Commonwealth Ct. 220, 321 A.2d 728 (1974):

> The substantive due process right to effective assistance of counsel has never been extended to civil or administrative proceedings, but rather is limited to a review of criminal prosecutions. We have carefully reviewed the authorities cited by Appellant in support of his position

that the right to effective counsel has been extended to civil and administrative proceedings but these turn on the basic right to counsel. . . .

*Id.* at 223, 321 A.2d at 730 (footnote omitted). *See also Goodman v. State Board of Osteopathic Examiners,* 42 Pa. Commonwealth Ct. 380, 382, 400 A.2d 939, 940 (1979).

The appellant next asserts that he was not afforded procedural due process because the board permitted a commingling of the prosecutorial and adjudicatory functions during the hearing. The basis for this contention is that one assistant attorney general acted as trial counsel in support of the charges and another assistant attorney general assisted the board in the conduct of the hearing. The appellant contends that the hearing was not fairly conducted because the office of trial counsel is next door to the office of the board's advisor; that both attorneys are employed in the Bureau of Professional and Occupational Affairs; and that both are directly answerable to the same supervisor, the assistant counsel of the Bureau of Professional and Occupational Affairs.

In *Miller v. Commonwealth Department of Transportation,* 59 Pa. Commonwealth Ct. 446, 429 A.2d 1278 (1981) we held that:

Where two attorneys of the same agency appear in different roles in the same proceeding, due process is not per se violated. See Pennsylvania State Association of Township Supervisors v. Insurance Department, 50 Pa. Commonwealth Ct. 204, 412 A.2d 675 (1980). The focus is whether the function performed by the two are [sic] adequately separate so that there is no actual prejudice.

*Id.* at 447, 429 A.2d at 1279 . *See also N. E. Dodge Co. v. State Board of Motor Vehicle Manufacturers,* 54 Pa.

Commonwealth Ct. 182, 186, 420 A.2d 771, 773 (1980); *Tighe v. State Board of Nurse Examiners*, 40 Pa. Commonwealth Ct. 367, 369, 397 A.2d 1261, 1262 (1979).

The appellant also relies on our case of *Goldberg v. State Board of Pharmacy*, 49 Pa. Commonwealth Ct. 123, 410 A.2d 413 (1980), holding that there is an unlawful commingling where the board's advisor was not only attached to the same legal branch as the prosecutor, but was also the direct supervisor of the prosecuting attorney. However, in this case, the connection between the two participating attorneys was that they were subject to the supervision of the same person. In a virtually identical case we held that where one person in a department was the hearing examiner and another was counsel for the department and both were under the supervision of the department's chief counsel, "[s]uch a situation does not constitute an unfair tribunal so long as the functions performed by the two are adequately separated." *Pennsylvania State Association of Township Supervisors v. Insurance Department*, 50 Pa. Commonwealth Ct. 204, 210, 412 A.2d 675, 678 (1980). The appellant has not specified any actual prejudice, nor have we been able to find any, after reviewing the record.

Finally, the appellant argues that the revocation of his pharmacist license constitutes an abuse of the board's discretion because of petitioner's prior unblemished record and the fact that he received a four-year non-reporting probationary sentence in the criminal action. "Courts cannot interfere with actions of administrative bodies involving acts of discretion absent manifest and flagrant abuse of discretion or a purely arbitrary execution of their duties or functions." *Moeslein v. State Board of Pharmacy*, 60 Pa. Commonwealth Ct. 574, 580, 432 A.2d 295, 298-99 (1981). Section 5 of the Pharmacy Act, 63 P.S. §390-5

confers upon the board the discretionary power to revoke or suspend licenses. *Moeslein.* We believe that the board's action revoking the appellant's license was not an abuse of discretion. As its adjudication reveals, the board was mindful of the appellant's advanced age, his hitherto unblemished record as a licensee and the mild sentence imposed by the court. It simply concluded that the strong interest of the profession and public in deterring pharmacists from dispensing dangerous drugs without a prescription outweighed the mitigating circumstances.

The appellant's argument that the citation provided him with insufficient notice of the charge is without merit.

Order affirmed.

ORDER

AND Now, this 25th day of March, 1983, the order of the State Board of Pharmacy made August 27, 1981, is hereby affirmed.