95 Pa. Commonwealth Ct. 76 (1986)
503 A.2d 1120
Philadelphia Commission on Human Relations, Appellant
v.
Dr. Reginald R. Gold, Appellee.
No. 1945 C.D. 1984.
Commonwealth Court of Pennsylvania.
Argued December 9, 1985.
February 7, 1986.
Argued December 9, 1985, before Judges DOYLE and COLINS, and Senior Judge BLATT, sitting as a panel of three.
*77 Susan Shinkman, Chief Assistant City Solicitor, with her, Ralph J. Teti, Assistant City Solicitor, and Barbara W. Mather, City Solicitor, for appellant.
Bruce A. Franzel, Oxenburg & Franzel, for appellee.
OPINION BY JUDGE DOYLE, February 7, 1986:
This is an appeal by the Philadelphia Commission on Human Relations (Commission) from an order of the Court of Common Pleas of Philadelphia County which reversed the determination of the Commission that Dr. Reginald R. Gold (Gold), appellee, had committed unlawful discrimination against a female employee in the form of sexual harassment and remanded the matter for new proceedings.
Gold was charged with violating Section 9-1103 (A) (1) of the Philadelphia Code pertaining to unlawful discrimination in matters of employment. Subsequent to public hearings on March 4, 1982 and May 25, 1982 the Commission found that Gold had violated the *78 above noted Section and ordered payment of $3,583.00 to complainant. Gold appeals to the common pleas court which, upon its determination that "impermissible commingling of prosecutorial and adjudicatory functions" had occurred, reversed and remanded for new proceedings. With regard to the commingling the trial court expressed its opinion that because the Commission's legal advisor sat at the same table with the attorney who was prosecuting the case during the preliminary hearing stage of the proceedings and because both attorneys are members of the City Solicitor's office impermissible commingling had occurred. The court also stated:
[W]e emphasize that we do not question the honesty or integrity of anyone associated with this case. We merely hold that the appearance of impropriety on behalf of the City Solicitor's office mandates a fresh determination of the matter.
Because of its disposition of this issue the trial court remanded the case for entirely new proceedings and, hence, did not reach the merits of Gold's appeal. The Commission, however, has appealed from the trial court order and Gold has filed a motion to quash maintaining that that order is interlocutory. We will first consider the Gold motion.
We have repeatedly held that a court order remanding a matter to an administrative agency for additional hearings is interlocutory and not appealable. See, e.g., Municipality of Bethel Park Appeal, 51 Pa. Commonwealth Ct. 128, 414 A.2d 401 (1980); DePaul Realty Company v. Borough of Quakertown, 15 Pa. Commonwealth Ct. 16, 324 A.2d 832 (1974); Esterhai v. Zoning Board of Adjustment, 1 Pa. Commonwealth Ct. 361, 274 A.2d 556 (1971). But despite the above precedent we have recognized a narrow exception to the nonappealability of interlocutory orders in instances *79 where the lower court's order settles an issue "for all intents and purposes". Beaver Valley Intermediate Unit v. Pennsylvania Labor Relations Board, 50 Pa. Commonwealth Ct. 69, 411 A.2d 1311 (1980). Thus, in Beaver Valley we dismissed a motion to quash the appeal of a trial court order remanding a case to the Pennsylvania Labor Relations Board for determination of the question of the confidential status of certain employees. The trial court had concluded that the Pennsylvania Labor Relations Board had abused its discretion in not considering exceptions received after a ten day appeal period in which such exceptions were to be filed and hence ordered a remand. This Court recognized that the trial court's determination on the abuse of discretion issue was final and thus dismissed the motion to quash and reached the issue.
In the instant case if we quash the appeal now the question of impermissible commingling will never be reached, for it is certain that once a new hearing is held any impropriety in the previous hearing would be moot on appeal despite the Commission's efforts to obtain appellate review.[1] Hence, the trial court's determination of the commingling issue has settled that matter for all intents and purposes. Accordingly, we will dismiss the motion to quash and reach the commingling issue. We note, however, that the motion to quash is actually designated as a Petition to Quash the Appeal and/or to Limit Issues Subject to Appellate Review. We, therefore, make it clear that while we will dismiss that portion of the "petition" pertaining to quashing of the appeal, we will grant that portion which requests that we limit the issues. In short, we *80 refuse to consider the merits of the case when the trial court has not yet done so.
Case law dealing with commingling can be divided into two categories: those in which one individual serves as both a prosecutor and an adjudicator and those in which these functions are performed by more than one person. The former is clearly unconstitutional. See Pennsylvania Human Relations Commission v. Thorp, Reed & Armstrong, 25 Pa. Commonwealth Ct. 295, 361 A.2d 497 (1976). As to the latter, there are cases where prosecutorial and adjudicatory functions are handled by separate branches of the administrative agency and cases where they are not. Those cases where separate branches handle the prosecutorial and adjudicatory portions of the case have withstood constitutional scrutiny. See Thorp. Those cases in which prosecutorial and adjudicatory functions are performed by the same branch (the situation here) may also be constitutionally permissible. See Thorp.
We have previously held that "[w]here two attorneys of the same agency appear in different roles in the same proceeding, due process is not per se violated." Miller v. Department of Transportation, 59 Pa. Commonwealth Ct. 446, 447, 429 A.2d 1278, 1279 (1981). "The focus is whether the function performed by the two are adequately separate so that there is no actual prejudice." Id. (emphasis added).[2] In Thorp the necessary findings of fact were largely undisputed and thus we allowed as constitutionally permissible a situation where one attorney prosecuted a case while another from the same branch advised the Commission.
*81 In the instant case the facts are not agreed upon. Thus Thorp is not controlling here. Other factors which have guided this Court in assessing prejudice are whether anything in the record indicated an improper commingling and whether either attorney is disclosed as having concerned himself or herself with the other's activities. Hartman v. State Board of Optometrical Examiners, 71 Pa. Commonwealth Ct. 110, 113, 454 A.2d 1150, 1152 (1983).
In the instant case not only did the two attorneys sit together at counsel table but the prosecuting attorney admitted that the Commission's attorney spoke to her, although she maintained that he did not "counsel" her. In our view the fact that the prosecutor admitted to conversation but not to counseling does not cleanse the taint from the Commission proceedings. The fact finding process must be afforded the broadest dimensions of constitutional protection, Thorp, and where conversation to which Gold's attorney was not privy went on at counsel table between the prosecuting attorney and the Commission's attorney we believe the record does disclose that the two attorneys concerned themselves with each other's activities. Hartman at 113, 454 A.2d at 1152.
The burden to show actual prejudice is an onerous one especially where Gold's attorney must rely only upon the statements of the prosecuting attorney that no "counseling" occurred. We note that any explanation of the details of what was in fact said at counsel table is lacking. Neither of the two attorneys sitting at that table offered any specifics on this matter into the record. We will not permit this lack of explanation to operate to the possible detriment of Gold, especially where, as here, the charges are of such a serious nature. The order of the trial judge who first sensed the impropriety is affirmed.

*82 ORDER
NOW, February 7, 1986, the appellee's motion to quash the appeal in the above captioned matter is dismissed and the motion to limit the subject of appellate review before this Court is granted. Furthermore, the order of the trial court dated June 15, 1984, No. 2168 August Term 1982, is hereby affirmed. The case is remanded to the trial court to remand to the Commission for a new hearing. Jurisdiction relinquished.
NOTES
[1] The Commission would have been wise to have taken an interlocutory appeal by permission to this Court pursuant to Pennsylvania Rules of Appellate Procedure 1311-1323 which grant us authority to allow interlocutory appeals when such allowance would "materially advance the ultimate termination of the matter."
[2] The trial court, in utilizing the appearance of impropriety test, employed the incorrect legal standard. Those cases upon which the lower court relied were ones where a single person was performing dual functions.