**Lucille HERING, Plaintiff,**

v.

**Timothy HILL, Jack Simons, Paul Rouis, Richard Green and Sullivan County, New York, Defendants.**

No. 92 Civ. 6783 (VLB).

United States District Court,
S.D. New York.

Feb. 25, 1993.

Thomas Chamberlin, Thomas & Chamberlain, Albany, NY, for plaintiff.

Michael Davidoff, Drew, Garigliano & Davidoff, for defendants.

MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

The parties have stipulated to the facts relevant to defendants' motion for summary judgment in this case brought pursuant to 42 U.S.C. § 1983, involving dismissal of plaintiff as a Deputy Board of Elections Commissioner of the Sullivan County Board of Elections.[1]

The principal question presented is whether or not the Constitution of the United States is violated if such a deputy commissioner is dismissed because of disagreement over internal political party matters between the deputy and the commissioner who appointed her.[2]  I find that there is no federal

---

1. The caption of the filed stipulation, which is part of the record, sets forth the capacities in which the various defendants are sued which, however, are not relevant in light of my disposition of the motion for summary judgment.

2. I have accepted as true, for purposes of this motions, the allegations of the complaint.

constitutional violation and grant summary judgment dismissing the complaint.

## II

Under New York Election Law § 3–200(4), election commissioners are recommended by the major political parties and must be registered voters in the County and enrolled members of the political party recommending their appointment; party county committees have a role in recommending such commissioners. Id. § 3–204.

New York Election Law § 3–300, implemented by Sullivan County Local Law 1–15 of 1977 as amended, permits commissioners of local boards of election outside New York City to appoint and at pleasure to remove deputies, and to prescribe their duties. The defendant Hill appointed plaintiff and established duties which included:

"Ombudsman[3] for the Democratic Chairman, Commissioner and the party politic—meeting and caring for the public's need as it relates to the Board of Election and ultimately the goodwill of all of the Party."

New York County Law § 401(3) provides that where there is, as here, only one deputy, that person "shall possess the powers and perform the duties" of the commissioner during the commissioner's absence or inability to act. See also id. § 401(3); New York Public Officers Law § 9.

## III

■ Discrimination in public employment based on political affiliation violates the Fourteenth Amendment where non-policy-making positions are concerned and no strong state interest supports such discrimi-

nation. *Rutan v. Republican Party*, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990); *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). Political patronage in ministerial non-policy-making public employment has an adverse impact on freedom of opinion and expression. When patronage considerations acquire an overbearing weight in the electoral process, they distort the foundation on which our democratic Republic rests.[4]

■ Keeping politics completely out of electoral processes might well be impossible, however, and it has not been regarded as required by the Constitution of the United States. The election laws of New York State and Sullivan County are based on the premise that a balance of power on boards of elections between political factions is a more realistic safeguard against partisan bias than an attempt to keep this phase of the electoral system free of partisan participation. It is relevant, although not conclusive,[5] that in some instances federal statutes permit factors akin to those employed here by state law to be utilized at the national level.[6]

To date, the courts have consistently held that states may make political affiliations relevant to appointments of election officials. *Mirabella v. Board of Elections*, 507 F.Supp. 338 (S.D.N.Y.1980); *Newell v. Troy*, 343 F.Supp. 1253 (S.D.N.Y.1972); *Lehner v. O'Rourke*, 339 F.Supp. 309, 314–15 (S.D.N.Y. 1971).

Similar considerations apply where internal party differences rather than inter-party differences are involved in selection processes for politically sensitive posts. See *Green v. Henley*, 924 F.2d 185 (10th Cir.1991); *Mir-*

---

**3.** For the broad connotations of this Scandanavian term, which began to be used widely in the United States some three decades ago, see Gellhorn, *The Norwegian Ombudsman*, 18 Stanford L.Rev. 293 (Jan. 1966).

**4.** This problem may be at least as serious in the area of public contracts awarded based on political contributions as in the area of public employment. For a pungent discussion by an American politician who became a mentor of Winston Churchill, see J. McCurrin, *Bourke Cockran: A Free Lance in American Politics* (1948).

**5.** See *Huron Portland Cement Co. v. Detroit*, 362 U.S. 440, 446, 80 S.Ct. 813, 817–818, 4 L.Ed.2d 852; *Southern Pacific Co. v. Arizona*, 325 U.S. 761, 773, 65 S.Ct. 1515, 1522, 89 L.Ed. 1915 (1945); *Parker v. Brown*, 317 U.S. 341, 367, 63 S.Ct. 307, 321–22, 87 L.Ed. 315 (1943).

**6.** See 15 U.S.C. § 41: "Not more than three of the [Federal Trade] Commissioners shall be members of the same political party."

*abella* at 1294. Differences within political parties are sometimes wider than those between parties. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment thus wisely concedes at 4 that "Plaintiff does not disagree that an 'intra-party affiliation' case, such as this one, should generally be evaluated similarly to a 'party affiliation' case."

A deputy who may act in the stead of a politically sensitive official is subject to the same ability of the state to allow consideration of political factors as the politically appointed official designating that deputy. *Regan v. Boogertman,* 984 F.2d 577 (2d Cir. 1993).

The statutes and the delegation of duties make the position of deputy election commissioner one calling for exercise of the politically selected commissioner's authority in proper circumstances and here a political one; with respect to this position the protection of the public is through balance of power rather than nonpolitical selection. I find Judge Sweet's opinion in *Mirabella* persuasive and conclude that the federal Constitution permits dismissal of a county deputy election commissioner because of political disagreements between the deputy and the commissioner for whom the deputy is entitled to act in circumstances defined by the statutes.

### IV

Plaintiff also presses a claim of denial of due process in connection with her dismissal based on absence of an opportunity to refute the commissioner's conclusion that the two had political differences. But no legitimate expectation of tenure was created given the explicit at-will nature of the position under state law. There is no claim that plaintiff was unaware of the political aspects of the job or dependency of the position on the "pleasure" of the appointing commissioner.

There is thus no state-created right or reasonable expectation of protection from dismissal on intra-party political grounds which could create a liberty or property interest under the Fourteenth Amendment here, no claim of defamatory stigma resulting from dismissal based on charges of misconduct, and no independent federal right to protection from at-will dismissal. See *BAM Historic District Ass'n v. Koch,* 723 F.2d 233, 236–37 (2d Cir.1983); *Carnes v. Parker,* 922 F.2d 1506 (10th Cir.1991).[7]

### V

I do not discuss plaintiff's pendent state claims which I dismiss based on my dismissal of the federal claim. See *Girard v. 95th Street & Fifth Ave. Corp.,* 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976). This is appropriate where the litigation is at an early stage and no persuasive reasons for retaining pendent state claims are advanced.

SO ORDERED.

---

7. Political disagreements are subjective and were amply demonstrated by correspondence between the plaintiff and her commissioner, attached to the stipulation in this case. To require a hearing to evaluate whether a subjective political judgment was a wise or politically correct one could serve little purpose.