Albert Einstein Medical Center, Northern Division, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, Respondent.

Verlette Ore, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, Respondent.

Argued December 10, 1984, before Judges ROGERS, COLINS and Senior Judge KALISH, sitting as a panel of three.

*Howard R. Flaxman, Fox, Rothschild, O'Brien & Frankel,* for petitioner, Albert Einstein Medical Center, Northern Division.

*William H. Ewing,* with him, *Claire Rocco, Hangley, Connolly, Epstein, Chicco, Foxman & Ewing,* for petitioner, Verlette Ore.

*Ellen K. Barry,* Assistant General Counsel, with her, *Elisabeth S. Shuster,* General Counsel, for respondent.

OPINION BY JUDGE COLINS, January 22, 1985:

On February 6, 1981, Verlette Ore was terminated from her employment as a patient care coordinator at Albert Einstein Medical Center Northern Division, Philadelphia (AEMC). She filed a complaint with the Pennsylvania Human Relations Commission (Commission) alleging discrimination by her employer on the basis of race. The Commission found for Ore but halved her damages citing as its reason a failure to mitigate.

In their cross appeals, Ore and AEMC both challenge the sufficiency of the evidence upon which the Commission based its decision. Ore alleges that AEMC did not meet its burden of proving that she failed to mitigate her damages. She contends that the evidence supports a finding that she had exercised reasonable diligence in seeking employment but was not offered the few positions for which she had applied.

AEMC argues that Ore failed to prove discrimination. It contends that the Commission found discrimination by mischaracterizing as comparable two situations in which Caucasian employees had not been terminated.

We must affirm the adjudication of an administrative agency unless the agency violated constitutional rights, made findings of fact not supported by substantial evidence or committed an error of law. *Harmony Volunteer Fire Company v. Pennsylvania Human Relations Commission,* 73 Pa. Commonwealth Ct. 596, 459

A.2d 439 (1983). Moreover, questions of credibility and the weight of the evidence are for the Commission to decide. *Harrisburg School District v. Pennsylvania Human Relations Commission*, 77 Pa. Commonwealth Ct. 594, 466 A.2d 760 (1983).

The Commission was well within its broad power when it chose not to accept Ore's job search activities as a full faith attempt at mitigation. The record clearly shows only two attempts to find suitable work.

Moreover, it was also the Commission's role to interpret the evidence presented at the hearing and to find discrimination if supported by that evidence. The record clearly establishes that there were two Caucasian employees who, despite employment difficulties such as personality conflicts with supervisors, were not discharged.

Ore and AEMC next challenge the Commission's remedy. Ore contends that the Commission's decision to reduce her backpay award must be reversed because it is contrary to law, unsupported by substantial evidence and contrary to the unemployment compensation policy of compensating an injured victim.

AEMC alleges that because the Commission found a failure on Ore's part to mitigate, it should have disallowed any award of backpay.

These contentions were all argued before the Commission and the record reflects no abuse of the Commission's discretion. The Commission's power to fashion remedies is virtually plenary and exclusive. *Murphy v. Pennsylvania Human Relations Commission*, 77 Pa. Commonwealth Ct. 291, 465 A.2d 740 (1983). As this Court has held, "the Commission's and not our, expertise in such matters, is broad enough to accomplish whatever overall relief will effectuate the purposes of the Act. . . ." *Id.* at 309, 465 A.2d at 748. Ore's failure to mitigate was taken into account

148

but apparently the Commission, pursuant to its power, determined that some compensation was needed to redress the wrong done by the employer.

For the reasons stated above, the order of the Commission is affirmed.

ORDER

AND Now, January 22, 1985, the order of the Pennsylvania Human Relations Commission, No. E-19935, dated February 9, 1984, is hereby affirmed.