530 A.2d 957

Montour School District, Petitioner *v.* Common-wealth of Pennsylvania, Pennsylvania Human Relations Commission, Respondent.

2

Argued May 20, 1987, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Peter J. King,* for petitioner.

*Theresa Homisak,* Assistant Counsel, with her, *Marianne Sara Malloy,* Assistant Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, August 26, 1987:

This is an appeal by the Montour School District (District) from an order of the Pennsylvania Human Relations Commission (Commission), which adopted the recommendations, opinion and conclusions of a hearing examiner, who determined that Johnnie Renner (Renner) had been discriminated against by the District on the basis of his age in violation of Section 5(a) of the Pennsylvania Human Relations Act (Act), Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §955(a).

The hearing examiner found that Renner was employed by the District as a school bus driver and that he was mandatorily retired on March 19, 1984, his seventieth birthday. During his term of employment, which had commenced in January 1974, Renner had never received a traffic citation and had had only one minor accident several years before his 1984 retirement date, which accident caused neither personal injury nor injury to another vehicle. She further determined that he had never been disciplined except for occasional lateness, and that in December 1983, he had obtained a physician's certificate attesting to his physical ability to perform his job duties. Finally, the hearing examiner determined that Renner was forced to retire because of his age.

In resolving the issues, the hearing examiner made the following legal determinations: (1) Renner on the date of his seventieth birthday was within a protected class under the Act; (2) the District had not met its burden to show that Renner's discharge was based on anything other than age; (3) the District had not met its burden to show that its policy of mandatory retirement at age seventy was a bona fide occupational qualification (BFOQ). Accordingly, she found that the Act's prohibition against age discrimination had been violated by the District and recommended that the District cease its

discriminatory practices and pay Renner his lost wages, totalling $6,012.25. The Commission adopted this recommendation and the District appealed to this Court.

We begin our review by recognizing that in an appeal from the adjudication of a state agency, our review is limited to determining whether there has been a constitutional violation or an error of law, or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

In *General Electric Corp. v. Pennsylvania Human Relations Commission,* 469 Pa. 292, 365 A.2d 649 (1976), our state Supreme Court enunciated the appropriate allocation of the burdens of proof and the elements to be established in a *prima facie* case of employment discrimination when it adopted the United States Supreme Court's analysis as set forth in *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792 (1973). The *McDonnell-Douglas* case involved a failure to hire. *General Electric,* however, recognized that the *McDonnell-Douglas* criteria were flexible and should be adapted to fit the particular personnel action in question. *General Electric,* 469 Pa. at 304-05, n. 11, 365 A.2d at 656 n. 11 (quoting *McDonnell-Douglas,* 411 U.S. at 802 n. 13). Accordingly, the hearing examiner set forth the *prima facie* case for a discharge as follows:

1. At the time of the challenged action Renner belonged to a protected class;

2. Renner was performing duties that he was qualified to perform;

3. Renner was discharged from his position; and

4. There was a continuing need for the services Renner had been performing.

We believe this *prima facie* test to be an excellent adaptation of the *McDonnell-Douglas* criteria to a discharge situation and hereby adopt it as such.

The hearing examiner also correctly set forth what we believe are the shifting burdens of proof as follows:

Complainant bears the initial burden of making out a *prima facie* case. Should he do so, Respondent must rebut the inference of discrimination thus created by setting forth through the introduction of admissible evidence the legitimate, non-discriminatory reason(s) for their conduct. Complainant may then still prevail by proving that the proffered reasons were pretextual. Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981); McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973); General Electric Corp. v. Pennsylvania Human Relations Commission, 365 A.2d 649 (1976).

The *prima facie* case is based on evidence introduced by the Complainant. Should a Respondent remain silent in the face of that evidence, judgment must be entered for the Complainant. Where evidence of a Respondent's reason for its action is received, the Complainant's burden of establishing a *prima facie* case merges with his ultimate burden of persuading the trier of fact that there was intentional discrimination. Burdine, supra. In that situtation, where a Respondent has done all that would have been required of it had the Complainant properly made out a *prima facie* case, it is no longer relevant whether the Complainant did so; the trier of fact should then decide the ultimate question of whether or not discrimination occurred. United States Postal Service Board of Governors v. Aikens, 460 U.S. 711 (1983).

*See also Caterpillar Tractor Co. v. Pennsylvania Human Relations Commission,* 78 Pa. Commonwealth Ct. 86, 466 A.2d 1129 (1983). On appeal here the District

asserts that Renner did not meet the burden to establish the *prima facie* elements. Specifically, it contends that because Renner had reached his seventieth birthday, he was no longer a member of a protected class under the Act. Section 5 of the Act provides in part, "It shall be an unlawful discriminatory practice, unless based on a bona fide occupational qualification, . . . : (a) For any employer because of . . . age . . . to . . . discharge from employment [an] individual. . . ." 43 P.S. §955. The term "age" is defined in Section 4(h) of the Act, 43 P.S. §954(h), to include "any person between the ages of forty and seventy inclusive and shall also include any other person so protected by further amendment to the Federal Age Discrimination in Employment Act" (ADEA). Succinctly stated, the District's position is that once one reaches his seventieth birthday, "he has in fact entered his seventy-first year" and, hence, is not within the protected class under the Act.

In construing the definition of "age" in Section 4(h), we must keep in mind that words in a statute are to be construed according to their common meaning and usage. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1903(a). The word "inclusive" is defined in Black's Law Dictionary 687 (5th ed. 1979) as "comprehending the stated limits or extremes." The statute's stated limits are from the age of forty (the date one turns forty) to seventy "inclusive," *i.e.*, through one's seventieth year of life. We therefore reject the notion that Renner failed to establish that he was a member of a protected class under the Act.[1]

---

[1] At the time relevant to this case, the ADEA, using language much different than the Act, extended protection only to "individuals who are at least 40 years of age but *less than* 70 years of age." 29 U.S.C. 631(a) (emphasis added). Obviously, this different language accounts for individuals who reach their seventieth birthday not being protected under the federal act. We note that the

The District also asserts that Renner failed to meet the second prong of the *prima facie* test, *i.e.*, that he was qualified to perform his job. Contending that during the last few years of employment Renner exhibited "bizarre behavior," the District posits that he was not qualified to be a school bus driver. The hearing examiner rejected this position by finding the District's evidence incredible. She noted first that such reasons were not set forth as an additional basis in the letter discharging Renner,[2] and second, that the District, despite its record position that Renner had for the last few years conducted himself in a manner which might pose a threat to school children, had failed to discharge him

federal act has since been amended to provide broader protection to older persons and now covers "individuals who are at least 40 years of age."

The District attempts to argue that the Act should be read so as to produce a similar result to that under the ADEA, and in so doing, relies upon state legislative debates. Such debates as shown here represent the opinion only of the particular member of the legislature who is speaking and are not persuasive in this context.

[2] The text of Renner's discharge letter, signed by the District's Superintendent, is as follows:

> You have served the families of the Montour School District as a school bus driver for the past ten years. You shared the enormous responsibility of providing for the safety and welfare of thousands of children, who depend on us daily for transportation to and from school.
>
> The Montour School District, in conjunction with the Age Discrimination in Employment Act, and the Pennsylvania Human Relations Act, is mandating retirement at the age of seventy (70) where public safety is the issue. On March 19, 1984, you will celebrate your seventieth (70th) birthday. The Montour School District acknowledges this day as your last day of active service and wishes to congratulate you in reaching this milestone.
>
> Your contribution to the excellence maintained in our transportation system is deeply appreciated. Best wishes to you for a long and rewarding retirement.

earlier. She further noted that Renner's "appearance at hearing was the best possible demonstration that [the District's] stereotypical concerns about mental deterioration and impending senility were groundless. He appeared to be alert and intelligent, and his responses were perfectly lucid." Credibility matters are for the Commission, not this Court. *Albert Einstein Medical Center, Northern Division v. Pennsylvania Human Relations Commission*, 87 Pa. Commonwealth Ct. 145, 486 A.2d 575 (1985). We, therefore, will not reverse on the basis of a credibility determination, especially where it is so well justified by the hearing examiner's explanation of why she found Renner credible and the District not credible.[3]

The District next argues that, even assuming *arguendo* that Renner met his *prima facie* burden, the hearing examiner nonetheless erred in regarding the discharge letter as the determining factor in establishing the District's discriminatory motive. By having done so, the hearing examiner determined that because there was direct evidence of a discriminatory motive, *i.e.*, age alone for the cause of discharge, it was unnecessary for Renner to advance independent proof of a pretext for discrimination. She therefore required the District to prove by a preponderance of the evidence that it would have made the same decision without regard to a discriminatory motive, instead of merely permitting the

---

[3] We take this opportunity to commend the hearing officer, Edith E. Cox, on her excellent adjudication, which sets forth fully her reasoning, including the basis for her credibility determinations. Such reasoning is most helpful to a reviewing court and stands as a fine example of the type of adjudication we spoke of in *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987) (construing *McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986)).

District to prove its case by introducing a non-pretextual reason for its decision. Our answer to this contention is two-fold. First, we discern no error of law when the Commission chose to find that the discharge letter revealed the District's intent to discriminate. Second, whether the buzz-words used are "preponderance of the evidence" or "proof of non-pretextual reasons," the result is the same. The District was provided with an adequate opportunity to present its affirmative defense. That defense was rejected as not being credible. We think no more need be said on that point.

Next, the District maintains that its determination to retire bus drivers at age seventy constitutes a Bona Fide Occupational Qualification (BFOQ). To establish a BFOQ, an employer must demonstrate (1) that the BFOQ it invokes is reasonably necessary to the essence of its business, and (2) that the employer has a factual basis for believing all persons within the class would be unable to perform the job safely and efficiently or that it is impossible or impractical to deal with persons over that age limit on an individualized basis. *Western Air Lines, Inc. v. Criswell,* 472 U.S. 400 (1985) (adopting the test set forth in *Usery v. Tamiami Trail Tours, Inc.,* 531 F.2d 224 (5th Cir. 1976)). The District concedes that it introduced no evidence to meet its burden to establish the second prong of the *Western Air Lines* test. To resolve this issue, we first adopt the *Western Air Lines* test, and second, we agree with the Commission that the District has done nothing more than ask this Court to accept age classification stereotypes under the guise of protecting the citizens of this Commonwealth. We decline to do so.

The District's final contention is that the hearing procedures used by the Commission violated due process because the same agency both prosecuted and adjudicated the instant matter. The District concedes that

the roles of prosecutor and adjudicator were not played by the same individuals. We have previously held that constitutional provisions are not necessarily offended where two employees of the same agency work in separate branches of the agency. *See Philadelphia Commission on Human Relations v. Gold*, 95 Pa. Commonwealth Ct. 76, 503 A.2d 1120 (1986). It was stipulated in the case before us that the hearing examiner performed no other function and that the prosecuting attorney never acted as a hearing examiner. Absent an allegation of actual commingling, we find that this separation is adequate under *Gold*. The District's reliance on *Gardner v. Repasky*, 434 Pa. 126, 252 A.2d 704 (1969) is misplaced. There, an employee who participated as a board member in filing the complaint against a police officer also sat on the committee that upheld the suspension of that police officer and actually cast the deciding vote. No such impermissible commingling is even alleged here. We thus find no unconstitutional lack of due process.

Based upon the foregoing discussion, the order of the Commission is affirmed.

ORDER

Now, August 26, 1987, the Order of the Pennsylvania Human Relations Commission, Docket No. E-28299, dated July 2, 1986 is hereby affirmed.