**Vincent J. TALLUTO, Plaintiff,**

v.

**RCA d/b/a GE Consumer Electronics VCD Division, Defendant.**

**Civ. No. 88–1673.**

United States District Court, M.D. Pennsylvania.

Aug. 21, 1989.

Peter G. Loftus, Scranton, Pa., for plaintiff.

Frank Charles Sabatino, John H. Leddy, and Michael G. Tierce, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

### CONABOY, Chief Judge.

Presently pending before the court is the Defendant's motion for summary judgment.[1] For the reasons stated below, this court will adopt the arguments presented by the Defendant and enter judgment against the Plaintiff.

### I

Vincent J. Talluto was employed at the Defendant's manufacturing facility from December 11, 1967, until March 27, 1987. During that period, Plaintiff Talluto was employed in the positions of Draftsman/Drafter and Supervisor for Buildings and Grounds. *See* Doc. No. 11, Exhibits D and G. After nearly twenty years of service at the plant, the Plaintiff's employment was ended when, according to the Defendant, the position Mr. Talluto held was eliminated for economic reasons. *See* Doc. No. 11 at 11 citing Exhibits C and D. It is Plaintiff's contention, however, that he was terminated from his position due to age discrimination. Complaint, ¶ 4.

As a result, Talluto filed an age discrimination charge with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunities Commission ("EEOC"). After an investigation, including a fact finding conference, the PHRC issued a determination that no probable cause existed to credit Mr. Talluto's allegations of unlawful discrimination. Doc. No. 11, Exhibit A. Charges filed with the Equal Employment Opportunities Commission alleging a violation of the Federal Age Discrimination in Employment Act ("ADEA") were discontinued based on that federal agency's review of the Pennsylvania Human Relations Commission's findings. Doc. No. 11, Exhibit C.

After pursuing the available administrative remedies before the PHRC and EEOC, Mr. Talluto filed suit in the Pennsylvania Court of Common Pleas for Lackawanna County on August 24, 1988. In his complaint, the Plaintiff asserts a claim under the Pennsylvania Human Relations Act for age discrimination. 43 Pa.Stat.Ann. § 951 *et seq.* Upon petition by the Defendant, this matter was removed to federal court on October 7, 1988. After filing a preliminary motion to dismiss, the Defendant has now filed a motion for summary judgment.

### II

The Federal Rules of Civil Procedure Rule 56(c) provide that:

... (summary) judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law.

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact". (emphasis in original). *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986).

The Supreme Court in *Anderson, supra* at 248, 106 S.Ct. at 2510, defined a material fact as one which "might affect the outcome of the suit under governing law ..." A determination of materiality is contingent upon the substantive law as it deter-

---

1. Earlier in these proceedings, the Defendant filed a motion to dismiss and/or strike certain paragraphs in the complaint. It would appear, however, that most of the disputed passages have been resolved by the parties through agreement and those that remain are moot in light of our present holding in this matter. *See* Defendant's Reply Memorandum, Doc. No. 7.

mines the factual disputes crucial to the establishment of the legal elements of the claim at issue. *Hlinka v. Bethlehem Steel Corporation, et al.,* 863 F.2d 279 (3d Cir. 1988), citing *Anderson, supra* 477 U.S. at 248, 106 S.Ct. at 2510.

■ Thus, if the court finds a material issue of fact in dispute, its inquiry does not end and the motion denied. Rather, it must proceed to determine that this material issue in dispute is *genuine* in nature. *Small v. Seldows Stationery,* 617 F.2d 992, 994 (3d Cir.1980). As stated in, *Anderson,* "... summary judgment will not lie if the dispute about a material fact is genuine, if the evidence is such that a reasonable jury would return a verdict for the non-moving party." Id. 477 U.S. at 248, 106 S.Ct. at 2510. There is no issue for trial unless there is *sufficient* evidence favoring the non-moving party for a jury to return a verdict for that party. If evidence is "merely colorable" or "not significantly probative," however, summary judgment may be appropriate. *Id.* at 250, 106 S.Ct. at 2511. In this sense, summary judgment mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), in that the inquiry under each is whether the evidence presents a sufficient disagreement to require submission to a jury. *Anderson,* at 251, 106 S.Ct. at 2511–12; *Hankins v. Temple University, et al.,* 829 F.2d 437 (3d Cir.1987); Sonenshein, *State of Mind and Credibility in the Summary Judgment Context: A Better Approach,* 78 N.W.U.L.Rev. 774 (1983).

### III

The Pennsylvania Human Relations Act ("PHRA"), provides, in relevant part:

It shall be an unlawful discriminatory practice ... (a) for any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability of any individual to refuse to hire or employ, or to bar or to discharge from employment such individual, or to otherwise discriminate against such individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment, if

the individual is the best able and most competent to perform the services required.

43 Pa.S.A. § 955(a).

In order to recover under this provision, the Plaintiff must first establish a prima facia case of discrimination. At that point, the burden shifts to the Defendant "to articulate some legitimate, non-discriminatory reasons for the employee's rejection." Finally, should the Defendant carry this burden, the Plaintiff must then have an opportunity to prove that the legitimate reasons offered by the Defendant were not its true reasons, but were a pretext for discrimination. *White v. Westinghouse Elec. Co.,* 862 F.2d 56, 60 (3d Cir.1988) citing *Duffy v. Wheeling Pittsburgh Steel Corp.* 738 F.2d 1393 (3d Cir.) *cert. denied,* 469 U.S. 1087, 105 S.Ct. 592, 83 L.Ed.2d 702 (1984) and *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *See also, Montour School District v. Human Relations Commission,* 109 Pa.Cmwlth. 1, 530 A.2d 957 (Pa.Cmwlth.1987); *General Electric Corp. v. Pennsylvania Human Relations Commission,* 469 Pa. 292, 365 A.2d 649 (1976); *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).

As to the first stage of a discrimination suit, the Plaintiff must make a prima facia case by showing:

1. At the time of the challenged action, Plaintiff belonged to a protected class;

2. Plaintiff was performing duties that he or she was qualified to perform;

3. Plaintiff was discharged from his position; and

4. There was a continuing need for the services that Plaintiff had been performing.

*Orweco Frocks v. Human Relations Commission,* 113 Pa.Cmwlth. 333, 537 A.2d 897, 900 (Pa.Cmwlth.1988).

However, in a reduction in force case such as this, were the complaining employee is not replaced, he, as "a plaintiff alleging a discriminatory layoff need show only that he is a member of the protected class and that he was laid off from a job for

which he was qualified while others not in the protected class were treated more favorably." *White, supra* at 60, quoting *Massarsky v. General Motors Corporation,* 706 F.2d 111, 118 (3d Cir.); *cert. denied,* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983); *Healy v. New York Life Insurance Co.,* 860 F.2d 1209 (3d Cir. 1988).

IV

According to the Plaintiff, he was terminated from his position with RCA/GE/Thomson [2] because of his age. Specifically, Mr. Talluto claims that he was denied advancement or the ability to apply for supervisory positions because he was over forty years of age and that ultimately he was terminated based on improper consideration of this age.

In response, the Defendant reconstructs Mr. Talluto's employment history by reference to personnel records and affidavits. Doc. No. 11, Exhibits D, E, and G. While employed at the plant, Plaintiff first held the position of Draftsman between 1967 and 1977. At the age of forty-three, he was promoted to the position of Supervisor of Buildings and Grounds and stayed in that capacity between 1977–1980. Finally, due to a combination of an unsatisfactory work performance and a personal desire to return to his former position, Mr. Talluto was allowed to return to his earlier post as a Drafter, a position he held until he was permanently laid off on March 27, 1987.

In support for its argument that Mr. Talluto's employment ended for legitimate economic reasons rather than in consideration of his age, the Defendant provides a detailed chronology of the employees formerly assigned to drafting positions in the plant. The Defendant goes on to describe how the work in that field declined over the years until only Mr. Talluto held that position. And finally, after Mr. Talluto was laid off, the Defendant concludes by demonstrating how the drafting work of the

plant was contracted out to another business identified as Karem Associates. Doc. No. 11, Exhibits C, D, and J; Doc. No. 19 at 6–7.

It is further explained that while Mr. Talluto filled various supervisory positions on weekends and while others were on vacation, he was allowed to do so in order to provide him work since there was little to be assigned by way of drafting. The temporary assignments would also permit him to earn overtime wages which were not otherwise available. Doc. No. 11 at 6 citing Conway Affidavit, Exhibit D.

Plaintiff was discouraged from applying for supervisory positions based on his prior performance as Buildings and Grounds Supervisor and he was considered lacking in the skills necessary to perform other than as a "caretaker" supervisor. *Id.* at 8–9. Moreover, the last significant period of time that Mr. Talluto filled in as a supervisor ended in February, 1985, more than two years before being laid off. *Id.* at 7; Doc. No. 14, Affidavit of Talluto at 2, ¶ 9–13. At that time, no discrimination charges were filed nor did the Plaintiff express his dissatisfaction over not obtaining the supervisory positions allegedly given to younger men. Doc. No. 11 at 9.

V

■ In this case, the Plaintiff has failed to show under either the reduction in force standard of *White* or the general prima facia criteria of *Orweco* that a case of age discrimination exists. Plaintiff has demonstrated that he is in a protected class. 43 Pa.S.A. § 954(h). It is acknowledged by the parties that Mr. Talluto was qualified for his job as a Drafter, but the Defendant does question his ability to serve in the capacity of a permanent supervisor. Moreover, it is the Defendant's contention that there was not a continuing need for Plaintiff's services to justify his retention nor has any evidence been provided to rebut

**2.** The record shows that during the course of Mr. Talluto's employment at the Dunmore, Pennsylvania plant, the ownership of the facility passed from RCA to General Electric Corporation and then Thomson Consumer Electronics, Inc. While it is admitted that the Plaintiff was never an employee of Thomson, the terms of the sale between Thomson and GE provided for successor liability as to Thomson. *See* Doc. No. 4 at n. 1; Doc. No. 11 at n. 1.

that assertion—*i.e.*, that the disputed position was eliminated and no replacement hired. What the record does indicate is that the Defendant eliminated all Drafters positions similar to the one held by Plaintiff after his employment ended.[3]

In view of the affidavits and documents provided by the parties, this court must conclude that Plaintiff has failed to provide any significant probative evidence tending to support the complaint. Rather, Plaintiff's counsel has argued that by submitting an affidavit of Mr. Talluto, which only reiterates the broad generalities provided in the complaint, the Defendant's motion for summary judgment is defeated. We can not agree.

The Defendant has offered extensive evidence in addition to the affidavits it has submitted. This includes the PHRC's and EEOC's "no probable cause" findings; plaintiff's personnel record illustrating the limited capacities in which Mr. Talluto worked; a memorandum discussing the issue of the elimination of the Drafter position; and a list of other employees, including three (3) under the age of forty, who were laid off on the same day as the Plaintiff as part of the Defendant's reduced work force. Doc. No. 19 at 11.

■ Nor do we see any merit to Plaintiff's request for further discovery in this matter. The discovery deadline was set nearly a year in advance of trial and passed on May 1, 1989. Of all the interrogatories propounded by the Plaintiff, each has been responded to by the Defendant. Doc. No. 19 at 5. Little if any benefit would be obtained in prolonging this matter, however, it would be to the detriment of both parties if our decision was not promptly rendered.

Accordingly, it is the finding of this court that Plaintiff has failed to sustain his burden of presenting a prima facia case of age discrimination. We must, therefore, enter judgment in favor of the Defendant and against the Plaintiff.

3. Although Plaintiff contends that he was replaced by "a younger worker", discovery conducted in this case fails to indicate that such is the case. No drafting position similar to Plaintiff's has been identified that currently exists at the plant nor has the name of a replacement worker been provided either younger or older than the Plaintiff. Rather, the information provided by the Defendant tends to verify that drafting work of the type Plaintiff previously performed has been contracted out to Karem Associates, a separate business concern.