595 A.2d 739

**Michael F. SARGO and Mary J. Sargo, his wife, Appellants,**

v.

**WEST PENN POWER COMPANY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued May 2, 1991.

Decided July 19, 1991.

Petition for Allowance of Appeal Denied Jan. 3, 1992.

Thomas Shannon Barry, Pittsburgh, for appellants.

Thomas F. Weis, Pittsburgh, for appellee.

Before CRAIG, President Judge, and KELLEY, J., and NARICK, Senior Judge.

CRAIG, President Judge.

Michael and Mary Sargo appeal an order of the Court of Common Pleas of Allegheny County that sustained West Penn Power Company's preliminary objections to the Sargos' Petition for the Appointment of a Board of Viewers for the alleged taking of the Sargos' property.

The Sargos filed a petition for appointment of a board of viewers on January 17, 1989. On January 19, 1989, the court of common pleas issued a notice of view to counsel for the Sargos and West Penn. According to the Sargos' brief, the board viewed the property on March 14, 1989 and scheduled a hearing for April 24, 1989 on the issue of damages. According to the parties, at the hearing the board noted that West Penn had not filed preliminary objections, and continued the hearing to allow West Penn an opportunity to seek the trial court's permission to file preliminary objections.

On April 26, 1989, West Penn filed a petition for leave to file preliminary objections. On November 1, 1989, the Sargos filed a response to West Penn's motion. On the same day, the trial court issued an order that stated:

And now, to wit, this 31st day of October, 1989, it is hereby ordered, adjudged and decreed that the "Answer and New Matter" filed by the defendant in the above entitled case be and the same hereby is considered as a "Preliminary Objection."

However, contrary to the implication of that order, West Penn never filed an answer and new matter to the petition for appointment of viewers filed by the Sargos in 1989 and docketed at G.D. 89–716, the case now before this court. The answer and new matter to which the trial court refers

was apparently a response to a complaint the Sargos had filed in 1986, docketed at G.D. 85–688, that included a count in trespass and a count that sought an appointment of viewers. Of course, that 1986 complaint constitutes an action that is separate and distinct from the 1989 complaint; that earlier complaint is not the subject of this appeal, nor is the record of that action before this court. Hence, this court is not in a position to look to that action to determine the nature of its relationship to the 1989 action at issue here.

After deeming the answer and new matter to constitute timely filed preliminary objections, the trial court, on the merits, sustained the preliminary objections, concluding that no taking had occurred.

In this appeal from the trial court's decisions to accept West Penn's answer and new matter to the Sargos' 1986 complaint as preliminary objections to the Sargos' 1989 complaint and to sustain the preliminary objections, the Sargos raise the following issues: (1) whether the trial court erred as a matter of law in ordering West Penn's answer and new matter to be considered as preliminary objections; (2) whether the trial court erred by accepting West Penn's preliminary objections because they were not filed within the statutory time period of twenty days after the receipt of the notice of appointment of viewers; and (3) whether the trial court erred by failing to remand the matter to the board of viewers for a determination of damages.

However, there is no need to resolve the first or third issues because of our conclusion with respect to the second issue. That issue relates to the trial court's acceptance of West Penn's answer and new matter to the *1986* complaint as timely filed exceptions to the 1989 complaint.

The relevant starting point for discussion is section 504 of The Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. § 1–504, which provides:

Upon the filing of a petition for appointment of viewers, the court, unless preliminary objections to the validi-

ty of the condemnation or jurisdiction, warranting delay, are pending, shall promptly appoint three viewers, who shall view the premises, hold hearings, and file a report . . .

Any objection to the appointment of viewers not theretofore waived may be raised by preliminary objections filed within twenty days after receipt of notice of the appointment of viewers . . . The court shall determine promptly all preliminary objections and make such orders and decrees as justice shall require.

As noted above, the Sargos' *1986* complaint, and the related proceedings, became a dead matter upon the Sargos' filing of the *1989* complaint; the 1986 complaint is not at issue in this appeal. The pivotal question here is whether it was appropriate for the trial court to import the 1986 answer and new matter to the 1989 complaint by recaptioning the pleading as preliminary objections and proceeding to address the taking issue raised by the 1989 complaint.

The conclusion must be that, even if a trial court has the power to import the substance of a pleading from a separate and apparently inactive docket to another complaint, the institution of objections in this case was nevertheless untimely because West Penn did not seek to have the court allow it to file preliminary objections until April 24, 1989, more than three months after the Sargos had filed the petition for appointment of viewers.

The trial court apparently did not regard the objections as untimely, because the court imported the answer and new matter which had been filed much earlier as the response to the 1986 complaint. However, until the trial court acted here, that pleading bore no relationship to the 1989 complaint, and thus, the fact that West Penn filed it in 1986, approximately three years *before* the 1989 petition for appointment of viewers, is irrelevant to the question of timeliness. For the purpose of determining whether the pleading was timely, the date on which West Penn made its request to file preliminary objections to the 1989 complaint is the only date relevant to the question.

Clearly, West Penn's motion was untimely. The statute requires a party to file preliminary objections within twenty days of the notice of appointment of viewers. Unlike the Code provision relating to preliminary objections in a de jure condemnation case, section 406, 26 P.S. § 1–406, which specifically empowers a trial court in its discretion to permit a condemnee to file objections after the expiration of that section's thirty-day limit, section 504 does not vest the trial court with discretion to allow nunc pro tunc preliminary objections in response to a petition for appointment of viewers. As counsel for the Sargos points out, this court has strictly construed the statutory requirement that parties file objections within twenty days of notice of the appointment of viewers. *Kinstler v. Redevelopment Authority of the City of Philadelphia*, 13 Pa.Commonwealth Ct. 281, 320 A.2d 396 (1974).

West Penn's objections were untimely, and hence the issue of whether there was a taking was waived. Therefore, because the only remaining issue concerns the amount of damages, the case must be remanded to the trial court to direct the viewers to hold a hearing to determine damages.

Accordingly, the decision of the trial court is reversed and the matter is remanded to the court of common pleas with the direction to schedule a hearing before the board of view on the issue of damages.

## ORDER

NOW, July 19, 1991, the decision of the Court of Common Pleas of Allegheny County, dated July 23, 1990, at G.D. 89–716, is reversed and the case is remanded for a hearing before the board of view for a determination of damages.

Jurisdiction relinquished.