613 A.2d 55

Adam SKOKUT and Mary Louise Skokut, his wife, Appellants,

v.

MCI, also known as MCI Telecommunications Corporation, also known as MCI Telecommunications Corp., a corporation, partnership, joint venture, proprietorship, or other entity et al., Appellees.

John P. STAWOVY and Amelia R. Stawovy, his wife, Appellants,

v.

MCI, also known as MCI Telecommunications Corporation, also known as MCI Telecommunications Corp., a corporation, partnership, joint venture, proprietorship, or other entity et al., Appellees.

John P. STAWOVY and Amelia R. Stawovy, his wife, Appellants,

v.

LIGHTNET, a corporation, partnership, joint venture, proprietorship, or other entity et al., Appellees.

Adam SKOKUT and Mary Louise Skokut, his wife, Appellants,

v.

LIGHTNET, a corporation, partnership, joint venture, proprietorship, or other entity et al., Appellees.

VALENTINE'S, INC., Appellant,

v.

LIGHTNET, a corporation, partnership, joint venture, proprietorship, or other entity et al., Appellees.

VALENTINE'S, INC., Appellant,

v.

MCI, also known as MCI Telecommunications Corporation, also known as MCI Telecommunications Corp., a corporation, partnership, joint venture, proprietorship, or other entity et al., Appellees.

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1992.

Decided July 10, 1992.

John N. Scales, for appellants.

Kenneth S. Mroz, for appellees, MCI, et al.

Harold R. Berk, for appellees, Lightnet, et al.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

Appellants Adam and Mary Louise Skokut, John P. and Amelia R. Stawovy, and Valentine's Inc. (hereafter, collectively referred to as Landowners) appeal the February 21, 1991 order of the Court of Common Pleas of Westmoreland County (trial court) which sustained the demurrers of Appellee Baltimore and Ohio Railroad (Railroad) and Appellees MCI Telecommunications Corporation, Sonecor Fibercom Corporation t/d/b/a Lightnet, CSX, and Southern New England Telecommunications (hereafter, collectively referred to as telecommunications companies) to Landowners' second amended petitions for appointment of viewers and which consequently dismissed the petitions for appointment on the ground that no de facto taking of Landowners' properties had occurred. We affirm in part and vacate in part.

Landowners own properties adjacent to the Youghiogheny River in South Huntingdon Township, Westmoreland County. Railroad has a right-of-way over Landowners' properties near the river bank. In 1985, Railroad permitted the telecommunications companies to install underground fiber optics communication cables within its right-of-way. In July of 1987, Landowners filed petitions for appointment of viewers[1] which averred a de facto taking of portions of their properties as a result of the telecommunications companies' activities in installing the fiber optics cable.

---

1. The petitions for appointment of viewers were filed pursuant to the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§ 1–101–1–903.

The Railroad and telecommunications companies responded to Landowners' petitions by filing preliminary objections [2] in the nature of (1) demurrers stating that Landowners had failed "to state a cause of action for condemnation and appointment of viewers," MCI (No. 712 C.D.1991) R. 35a; Lightnet (No. 714 C.D.1991) R. 34a, and (2) requests for a more specific pleading to clarify whether Landowners were complaining about installation activities in the Railroad's right-of-way or were complaining about installation activities allegedly outside the Railroad's right-of-way. Argument on the preliminary objections was heard by the trial court which directed Landowners to file more specific pleadings.

Landowners filed amended petitions for appointment of viewers. In response, the Railroad and telecommunications companies filed supplemental preliminary objections in the nature of demurrers which averred that Landowners had failed to state a cause of action in condemnation with regard to activities in the Railroad's right-of-way because the Railroad owned in fee simple the property in the right-of-way where the telecommunications companies had installed the fiber optics cable and therefore no taking of Landowners' properties had occurred.

Argument on the preliminary objections was heard by the trial court which directed Landowners to amend their petitions by providing a map of the affected properties and a specific narrative of the Railroad's and telecommunications companies' contested actions. Landowners filed amended petitions for appointment of viewers. The Railroad and telecommunications companies again filed supplemental preliminary objections in the nature of demurrers which asserted that Landowners had failed to state a cause of action in condemnation with respect to activities in the Railroad's right-of-way because (1) the Railroad owned in fee simple the property in the right-of-way where the telecommunications companies' activities were conducted and therefore no taking of Landown-

2. The preliminary objections were filed in accordance with section 504 of the Code, 26 P.S. § 1–504. *City of Philadelphia v. Airportels, Inc.*, 14 Pa.Commonwealth Ct. 617, 322 A.2d 727 (1974).

ers' properties had occurred and (2) federal law permits telecommunications companies to use a railroad's right-of-way.

By an order issued February 20, 1991 and entered February 21, 1991, the trial court sustained the Railroad and telecommunications companies' preliminary objections in the nature of demurrers. From the February 21 order, Landowners filed appeals which have been consolidated for disposition by the commonwealth court.

On appeal, we are asked to consider whether the trial court committed an error of law[3] by sustaining the preliminary objections of the Railroad and the telecommunications companies either because (1) the Railroad and the telecommunications companies did not raise all their preliminary objections in one pleading and thus allegedly waived their demurrers averring Landowners' failure to state a cause of action in eminent domain or because (2) the trial court did not first hold an evidentiary hearing to determine whether a de facto taking of Landowners' properties had occurred.

Landowners contend that the trial court should have dismissed the Railroad and telecommunications companies' demurrers to Landowners' amended petitions on the ground that section 504 of the Code[4] requires all preliminary objections to be concurrently raised in one pleading and thus does not permit the filing of supplemental preliminary objections.[5]

3. Our scope of review of a trial court's ruling on preliminary objections to a petition for appointment of viewers is limited to determining whether necessary findings are supported by competent evidence or an error of law was committed by the trial court. *Blackburn Appeal*, 98 Pa.Commonwealth Ct. 346, 511 A.2d 270 (1986).

4. Both Landowners and the telecommunications companies cite and rely on Pa.R.C.P. No. 1028 as the standard for evaluating preliminary objections. However, in a proceeding under the Code, preliminary objections are governed by section 406 of the Code when they concern a declaration of taking or by section 504 of the Code when they concern a petition for appointment of viewers or the actual appointment of viewers. *Department of Transportation v. Harrisburg Coca–Cola Bottling Co.*, 51 Pa.Commonwealth Ct. 425, 414 A.2d 1097 (1980); *Airportels, Inc.*

5. On appeal, Landowners assert alternatively that the trial court's granting of the Railroad and telecommunications companies' preliminary objections in the nature of requests for a more specific pleading

In proceedings under the Code, the general rule is that all preliminary objections must be raised at one time and in one pleading. *Airportels, Inc.* Nevertheless, Pennsylvania courts have long recognized exceptions to this rule. *See, e.g., Department of Transportation v. Schodde,* 61 Pa.Commonwealth Ct. 77, 433 A.2d 143 (1981); *Harrisburg Coca–Cola Bottling Co.* Although sections 406(c), 26 P.S. § 1–406(c), and 504 generally preclude the filing of more than one set of preliminary objections to any single pleading, sections 406(c) and 504 do not preclude the filing of supplemental preliminary objections to an amended pleading which contains allegations that did not appear in the original pleading and that were therefore not subject to inclusion in the preliminary objections filed to the original pleading. *See Harrisburg Coca–Cola Bottling Co.*

In the present case, the trial court twice directed Landowners to amend their petitions to plead with greater specificity, and Landowners complied by filing amended petitions for appointment of viewers. Consequently, the Railroad and telecommunications companies' filing of two sets of supplemental preliminary objections was triggered by Landowners' filing of two amended petitions. Because Landowners' failure to plead with specificity resulted in the Railroad and telecommunications companies' inability to assert all their preliminary objections simultaneously in one pleading, the Railroad and telecommunications companies cannot be deemed to have waived objections that could not have been anticipated as a result of Landowners' earlier, nonspecific pleading.

Moreover, Landowners were not prejudiced by the Railroad and telecommunications companies' filing of supplemental preliminary objections. In their original preliminary objections, the Railroad and telecommunications companies constituted a denial of the Railroad and telecommunications companies' preliminary objections in the nature of demurrers. Contrary to Landowners' assertion, a reading of the trial court's orders of April 10, 1989 and June 1, 1990, indicates that the trial court refrained from ruling on the demurrers raised as part of the Railroad and telecommunications companies' original and first supplemental preliminary objections because of the lack of specificity of Landowners' original petitions and first amended petitions.

included demurrers to Landowners' petitions for failure to state a cause of action in condemnation, and in their supplemental preliminary objections, the Railroad and telecommunications companies simply reiterated their demurrers with more particularity based upon the clarified factual allegations supplied in Landowners' amended petitions. *See Schodde* (trial court has discretion under the Code to permit supplemental preliminary objections where no prejudice to adverse party will result). In any event, Landowners cannot be heard to claim prejudice as a result of the Railroad and telecommunications companies' filing of supplemental preliminary objections when that filing was caused by Landowners, i.e., by Landowners' defective pleading. *See Harrisburg Coca–Cola Bottling Co.*

Given these circumstances, we hold that the trial court did not err in considering the supplemental preliminary objections which the Railroad and telecommunications companies' filed to Landowners' amended petitions.

■ We now consider whether the trial court erred by sustaining the Railroad and telecommunications companies' preliminary objections in the nature of demurrers. A demurrer tests whether the facts averred in a pleading are legally sufficient to state a cause of action for which relief may be granted. *Blackburn Appeal; Merrick Appeal,* 68 Pa.Commonwealth Ct. 506, 449 A.2d 820 (1982). Where a demurrer has been filed to a petition for appointment of viewers that alleges a de facto taking, the trial court

> must first decide whether as a matter of law the averments of the petition, taken as true, are sufficient to state a cause of action of a de facto taking. If not, the preliminary objections must be sustained and the petition dismissed or the petitioner allowed to amend his pleading. If the averments, taken as true, might establish a de facto taking, the lower court must take evidence by deposition or otherwise so that a judicial determination might be made.

*Merrick Appeal,* 68 Pa.Commonwealth Ct. at 509, 449 A.2d at 822 (quoting *Harborcreek Township v. Ring,* 48 Pa.Commonwealth Ct. 542, 544, 410 A.2d 917, 918 (1980)); *Nether Provi-*

dence Township v. Jacobs ("*Nether Providence Township*"), 6 Pa.Commonwealth Ct. 594, 297 A.2d 550 (1972).

To plead a de facto taking of their properties, Landowners must aver "the existence of exceptional circumstances which have substantially deprived [them] of the use and enjoyment of [their] property." *Merrick Appeal*, 68 Pa.Commonwealth Ct. at 511, 449 A.2d at 823. To be recoverable under the Code, the alleged damages to Landowners' properties must be the immediate, necessary or unavoidable consequences of a de facto taking by an entity clothed with the power of eminent domain. *Culver v. Commonwealth*, 346 Pa. 262, 29 A.2d 531, 533 (1943); *Jacobs Appeal*, 55 Pa.Commonwealth Ct. 142, 423 A.2d 442 (1980), *appeal dismissed sub nom. Jacobs v. Nether Providence Township*, 499 Pa. 337, 453 A.2d 336 (1982). "No recovery may be obtained through eminent domain proceedings where the injuries resulted from a trespass and no *de facto* taking may result from negligent acts committed by the agents of the condemning body." *Lutzko v. Mikris, Inc.*, 48 Pa.Commonwealth Ct. 75, 79, 410 A.2d 370, 372 (1979); *accord Blackburn Appeal.*

On appeal, Landowners challenge only the trial court's determination that they did not state a cause of action in eminent domain with respect to the activities that occurred outside the Railroad's right-of-way. *See* the Appellate Brief of Landowners Skokut at 9, 11 and 13; the Appellate Brief of Landowners Stawovy at 8, 10 and 12. Therefore, the trial court's order is affirmed insofar as the trial court held that Landowners had failed to state a cause of action in eminent domain against the Railroad and telecommunications companies for activities conducted within the Railroad's right-of-way.

Regarding activities outside the Railroad's right-of-way, Landowners alleged in their second amended petitions for appointment of viewers that the telecommunications companies conducted the following activities on Landowners' properties: construction of a road and roadway, dirt removal, destruction of trees, placement of ballast, dumping of dirt, damage to a fence, diversion of water, extension of drainage pipes, change of property grade, and permanent interference

with property access. R. 233a–35a (No. 712 C.D.1991); R. 156a–59a (No. 714 C.D.1991). The Railroad and telecommunications companies' supplemental preliminary objections averred that Landowners' allegations did not describe a de facto taking of Landowners' properties outside the Railroad's right-of-way but merely described trespass to Landowners' properties that resulted in damages purportedly caused either by negligent acts of telecommunications company MCI or by the unauthorized, negligent acts of L.K. Comstock, Co., Inc., an independent contractor retained by telecommunications company Lightnet.

█ Inasmuch as Landowners' second amended petitions for appointment of viewers contained averments which, if taken as true, might establish a de facto taking of Landowners' properties, *see City of Pittsburgh v. Gold,* 37 Pa.Commonwealth Ct. 438, 390 A.2d 1373 (1978); *Nether Providence Township,* the trial court should have taken evidence by hearing, deposition, or other manner so that it could have made a judicial determination as to whether or not a de facto taking had occurred. *Merrick Appeal; Nether Providence Township.* Because the trial court failed to take evidence on the issue of a de facto taking, this case must be remanded to the trial court for the taking of evidence and for a judicial determination as to whether said evidence establishes that the telecommunications companies engaged in a de facto taking of Landowners' properties located outside the Railroad's right-of-way.[6] *See Nether Providence Township.*

Accordingly, the order of the trial court is affirmed to the extent that it grants the Railroad and telecommunications companies' preliminary objections and dismisses Landowners' petitions for appointment of viewers with respect to the activities of the telecommunications companies inside the Railroad's right-of-way and with respect to the Railroad, and the order of the trial court is vacated to the extent that it grants the

6. If, on remand, Landowners fail to adduce evidence establishing a cause of action in eminent domain, Landowners may pursue their claims for property damage in their previously-commenced, ongoing action in trespass. *E.g., Lutzko; Gold.*

telecommunications companies' preliminary objections and dismisses Landowners' petitions for appointment of viewers with respect to the activities of the telecommunications companies outside the Railroad's right-of-way.

## ORDER

AND NOW, July 10, 1992, the order of the Court of Common Pleas of Westmoreland County in the above-captioned cases (1) is hereby affirmed to the extent that it grants the preliminary objections of the Baltimore and Ohio Railroad, MCI Telecommunications Corporation, Sonecor Fibercom Corporation t/d/b/a Lightnet, CSX, and Southern New England Telecommunications and dismisses the petitions of Adam and Mary Louise Skokut, John P. and Amelia R. Stawovy, and Valentine's Inc. for appointment of viewers with respect to the activities of the telecommunications companies inside the Railroad's right-of-way and with respect to the Railroad and (2) is hereby vacated to the extent that it grants the preliminary objections of the Baltimore and Ohio Railroad, MCI Telecommunications Corporation, Sonecor Fibercom Corporation t/d/b/a Lightnet, CSX, and Southern New England Telecommunications and dismisses the petitions of Adam and Mary Louise Skokut, John P. and Amelia R. Stawovy, and Valentine's Inc. for appointment of viewers with respect to the activities of the telecommunications companies outside the Railroad's right-of-way. This case is hereby remanded to the Court of Common Pleas of Westmoreland County for the taking of evidence and for a judicial determination as to whether said evidence establishes a de facto taking of the properties which are the subject of this case.

Jurisdiction is hereby relinquished.