Joseph M. **MAURIZI** and Patricia **Maurizi, Husband and Wife**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 17, 1995.

Decided May 1, 1995.

---

Chester J. Karas, Jr., Asst. Counsel, for appellant.

William P. Bresnahan, for appellees.

Before McGINLEY and FRIEDMAN, JJ., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

The Commonwealth of Pennsylvania, Department of Transportation (DOT) appeals from two orders of the Allegheny County Court of Common Pleas (trial court); the first denying DOT's motion for leave of court to file amended preliminary objections to a petition for the appointment of viewers filed by Joseph M. Maurizi and Patricia Maurizi (Maurizis), and the second overruling DOT's preliminary objections. We affirm.

The Maurizis are the owners of residential property located at 1003 Lincoln Highway (State Route 30) in North Versailles, Allegheny County, Pennsylvania. Between June 1, 1992 and July 31, 1992, contractors for DOT resurfaced State Route 30, raising the curb and sidewalk which abut the Maurizis' property approximately eight to ten inches and, thereby, burying a substantial part of a hand-carved limestone wall which runs along the front of the Maurizis' property.

On February 14, 1994, the Maurizis filed a petition for the appointment of viewers pursuant to sections 502 and 612 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§ 1–502, 1–612, alleging that DOT damaged their property when DOT raised the grade of State Route 30. In particular, the Maurizis contend that DOT's actions lowered the architectural value of the wall and adversely affected the purpose of the wall, i.e., to keep debris off of the property. On February 17, 1994, the trial court appointed a board of viewers; DOT received notice of such appointment on February 24, 1994.

On March 16, 1994, DOT filed preliminary objections to the Maurizis' petition pursuant to section 504 of the Code,[1] asserting that the Maurizis failed to set forth a claim for compensable damages. The parties deposed Joseph M. Maurizi on April 22, 1994 to assist the trial court in ruling on the preliminary objections. On May 20, 1994, DOT presented a motion for leave of court to file amended

---

1. Section 504 of the Code, 26 P.S. § 1–504, provides:

    Any objection to the appointment of viewers ... may be raised by preliminary objections filed within twenty days after receipt of notice of the appointment of viewers.... The court shall determine promptly all preliminary objections and make such orders and decrees as justice shall require. If an issue of fact is raised, evidence may be taken by deposition or otherwise as the court shall direct.

preliminary objections, which the trial court denied. On July 6, 1994, the trial court overruled DOT's preliminary objections.

■ On appeal to this court,[2] DOT argues that the trial court erred as a matter of law (1) by denying DOT's motion for leave of court to file amended preliminary objections and (2) by overruling DOT's preliminary objections.

## I.

DOT first argues that the trial court erred by denying DOT's motion for leave of court to file amended preliminary objections under section 504 of the Code, 26 P.S. § 1–504. DOT sought to amend its preliminary objections in order to include the fact that the Maurizis had earlier proceeded against DOT for damages to their wall by an action in trespass and lost,[3] information which DOT claimed was first revealed at the April 22, 1994 deposition of Joseph M. Maurizi.[4] DOT maintains that because it did not learn of the Maurizis' earlier proceedings until after time for filing preliminary objections expired, it should have been permitted to amend its filing beyond the statutory period. We disagree.

Section 504 mandates that preliminary objections to the appointment of viewers *must* be filed within twenty days after the objector receives notice that viewers have been appointed and not thereafter. *Janeski v. Borough of South Williamsport*, 58 Pa.Commonwealth Ct. 369, 429 A.2d 768 (1981); *Commonwealth, Department of Transportation v. Harrisburg Coca–Cola Bottling Co.*, 51 Pa.Commonwealth Ct. 425, 414 A.2d 1097 (1980). Moreover, under the provisions of section 504, all preliminary objections *should be* raised at one time and in one pleading. *City of Philadelphia v. Airportels, Inc.*, 14 Pa.Commonwealth Ct. 617, 322 A.2d 727 (1974).[5] Section 504 does not vest the trial court with discretion to allow nunc pro tunc preliminary objections in response to a petition for appointment of viewers. *Sargo v. West Penn Power Co.*, 141 Pa.Commonwealth Ct. 337, 595 A.2d 739 (1991), *appeal denied*, 529 Pa. 643, 600 A.2d 1260 (1992).

■ Here, DOT received notice of the appointment of viewers on February 24, 1994 and filed preliminary objections on March 16, 1994. Thus, DOT filed its preliminary objections within twenty days from receipt of notice that viewers had been appointed. All of DOT's preliminary objections *should* have been addressed in that filing. Even if we accept that the deposition of Joseph M. Maurizi revealed new information that was not subject to inclusion in the original preliminary objections,[6] relevant case law only per-

2. Where the common pleas court dismisses preliminary objections to a petition for the appointment of viewers, our scope of review is limited to determining whether the trial court abused its discretion or committed legal error. *McGaffic v. Redevelopment Authority of New Castle*, 120 Pa.Commonwealth Ct. 199, 548 A.2d 653 (1988), *appeal denied*, 523 Pa. 645, 565 A.2d 1169 (1989).

3. Arbitrators for the trial court ruled in favor of DOT and, thus, awarded no damages to the Maurizis. (R.R. at 66a.)

4. The Maurizis assert that DOT, as a party to the prior action in trespass, knew about it before the deposition of Joseph M. Maurizi and, thus, could have raised the matter in its original preliminary objections. However, DOT counters this assertion by claiming that DOT's trespass section handled the prior trespass action, whereas DOT's right-of-way section is involved here.

5. In *City of Philadelphia*, 14 Pa.Commonwealth Ct. at 622–23, 322 A.2d at 730, this court stated:

Thus all disputes of fact and law, all objections pertaining to the form of the petition or the appointment or the qualifications of the viewers, contentions as to the legal sufficiency of the petition, and any and all other questions, objections, or challenges to the property owner's assertion of a de facto taking or claim of compensable injury should be included in the preliminary objections filed to the appointment of viewers.

The Eminent Domain Code ... provides only for preliminary objections, timely filed and raising at one time and in one pleading all contentions, questions, and issues by the governmental body.

6. We note that because DOT was a party to the previous action, because all pleadings and other information relevant to those proceedings were available to DOT and thus not "new," and because only DOT's own organizational structure prevented DOT from knowing of the "new" information revealed at the deposition, we are not inclined to acknowledge that "new" information was actually revealed to DOT at the deposition.

mits supplementary preliminary objections beyond the statutory period where the opposing party has filed an amended petition that contains new allegations that were not subject to consideration in the original preliminary objections.[7] *Skokut v. MCI*, 149 Pa.Commonwealth Ct. 211, 613 A.2d 55 (1992); *see also Harrisburg Coca–Cola Bottling Co.* That did not happen here. Thus, we conclude that the trial court did not err by denying DOT's motion to file amended preliminary objections under section 504 of the Code. If the legislature intended a different result, it is up to the legislators to make appropriate changes to the procedures set forth in section 504 of the Code.

## II.

■ DOT next argues that the trial court erred by overruling its preliminary objections where the Maurizis failed to set forth a cause of action in their petition by failing to allege *substantial* damages to their property as required by *Department of Transportation v. Richards*, 124 Pa.Commonwealth Ct. 432, 556 A.2d 510 (1989). We believe that DOT has misconstrued *Richards.*

In *Richards*, as here, we considered a trial court's dismissal of preliminary objections to a petition for the appointment of viewers brought pursuant to section 612 of the Code, 26 P.S. § 1–612 (emphasis added), which provides as follows:

All condemnors, including the Commonwealth of Pennsylvania, shall be liable for damages to property abutting the area of an improvement resulting from *change of grade* of a road or highway, permanent *interference with access* thereto, or *injury to surface support*, whether or not any property is taken.

In *Richards*, the petitioner alleged that DOT was liable for damages to his property because road improvements made by DOT, including a change of grade, caused permanent interference with access to his property. We determined that the trial court erred in holding that the petitioner did not have to demonstrate *substantial* interference with access to his property, reasoning that

[i]f we are to be consistent in our condemnation law dealing with consequential damages, *we must require that "substantial" be read into Section 612 cases against the Commonwealth* and require that substantial interference be shown, even though the term "substantial" is not actually part of Section 612's phrase "permanent interference with access thereto." [8]

*Richards*, 124 Pa.Commonwealth Ct. at 440, 556 A.2d at 514 (emphasis added). Nevertheless, we sustained the trial court's dismissal of the preliminary objections, concluding that the evidence of record constituted a substantial impairment of access to property as a matter of law. The same result is warranted here.

As in *Richards*, the Maurizis' petition alleges that DOT caused damage to their property when DOT raised the grade of State Route 30, without specifically characterizing that damage as substantial.[9] Contrary to the contention of DOT, we do not believe that *Richards* requires that a petition contain the magic word "substantial." Indeed, in *Richards*, we only required that petitioners *demonstrate* substantial damage to their property.

DOT also contends that the facts alleged in the Maurizis' petition do not demonstrate substantial damage to their property. Again, we disagree.

7. Under the Code, an objector to the appointment of viewers has two opportunities for filing preliminary objections: within twenty days after notice of the petition for the appointment of viewers or within twenty days after notice of the appointment. If an amended petition has been filed, supplementary preliminary objections may be filed within twenty days after notice of the amended petition or within twenty days after notice of the reappointment of viewers. *Harrisburg Coca–Cola Bottling Co.*

8. Prior to the enactment of the Code, the Commonwealth was not liable for consequential damages to property. *Id.*

9. The Maurizis' petition states as follows:

6. By statutory enactment, [DOT] is liable for the payment of damages to the [Maurizis] for causing *damage* to their property abutting the area of an improvement resulting from the change of the grade of Route 30 and its sidewalk.

In *Capece v. City of Philadelphia,* 123 Pa.Commonwealth Ct. 86, 552 A.2d 1147 (1989), we reviewed a trial court's grant of preliminary objections and its dismissal of a petition for appointment of viewers on grounds that the petition failed to state a cause of action under the Code.[10] We reversed the decision of the trial court, holding that a petition which alleges depreciation in market value states a cause of action under section 612 of the Code.

Here, the Maurizis' petition alleges that DOT buried a *substantial* portion of an existing hand-carved limestone wall, circa 1938, an important architectural detail of the Maurizis' property that prevents debris from entering the property from State Route 30. The Maurizis claim that, as a result, DOT has adversely affected the architectural and functional value of the wall.[11] DOT would have this court believe that the presence and condition of such a wall on someone's property has no effect on its market value. We believe that the existence of an aesthetically pleasing hand-carved limestone wall on a piece of land would enhance the market value of that property and that its loss, in some substantial measure, would significantly diminish that value. Thus, we believe that the Maurizis' allegations of damages are analogous to those upheld in *Capece,* and we conclude that the Maurizis' petition is sufficient to state a cause of action under section 612 of the Code.

Accordingly, we affirm.

### ORDER

AND NOW, this 1st day of May, 1995, the order of the Court of Common Pleas of Alle-

gheny County, dated August 29, 1994, is affirmed.

10. In *Capece,* the petition stated as follows:
(b) The previously existing roadway was raised several feet, and the relationship between the subject residential building and the [street] changed so that now the residential property is ... several feet below the roadway, causing substantial depreciation of market value of the subject premises.
*Capece,* 123 Pa.Commonwealth Ct. at 89, 552 A.2d at 1148.

11. The Maurizi's petition states in pertinent part:
2. The subject property is improved with a single-family dwelling. The front yard of the property is bordered by a hand carved [sic] limestone wall, circa 1938, which is an impor-

tant architectural detail of the [Maurizis'] property and which serves the function of preventing debris from [State Route 30] from entering on the [Maurizis'] land.
3. [DOT] materially damaged the hand-carved limestone wall *existing along the front portion of the [Maurizis'] property by raising the grade of the curbing and sidewalk eight to ten inches as part of the resurfacing and improvements to State Route 30, which buried a substantial portion of the existing hand-carved limestone wall.
4. *As a result of the actions of* [DOT], the architectural value of the [Maurizis'] wall is materially damaged and the wall no longer prevents debris from [State Route 30] from entering the [Maurizis'] property.
(R.R. at 4a–5a.)